### GEORGE W. SHANNON v. JOHN BURR.

The landlord has no right to enter upon his tenant's premises during the term of the lease without the tenant's consent, although the tenant has removed from the premises and is not in actual possession of them, no right of entry being reserved in the lease.

Such an entry upon the tenant's premises is a trespass, and the landlord is liable in an action by the tenant for damages therefor.

But, the tenant having removed from the premises, there being no evidence of actual damage, and no circumstances from which improper motives on the part of the landlord could be presumed; *held*, that the tenant was only entitled to nominal damages.

For a trespass committed under an honest mistake, without intent to injure, the amount of damages recoverable should be confined strictly to the injuries sustained.

APPEAL by defendant from a judgment of the fifth district

court. This action was brought to recover damages for trespass. The facts sufficiently appear in the opinion of the court.

*Hoyt* and *McIntire*, for the appellant.

*C. Kessler Smith*, for the respondent.

INGRAHAM, FIRST JUDGE.—The defendant was the landlord of certain premises which he rented to the plaintiff, and received the rent to the 1st May. The plaintiff removed from the premises before the term expired and locked them up. On the 28th April and on the 1st of May the defendant obtained the key from a third person and entered the premises, but no damage was shown to have been sustained by the plaintiff, nor was any evidence given on that subject. The justice rendered judgment for the plaintiff for $15.00 damages.

There can be no doubt that the plaintiff was entitled to judgment. The entry by the defendant upon the premises of the plaintiff was an unlawful entry. He had no more right than any stranger, prior to the expiration of the term, to go into the premises in the mode in which he entered. The landlord has no right upon his tenant's premises during the term, without the tenant's consent, unless such right of entry is reserved in the letting.

Every unlawful entry upon the premises of another is a trespass, and, whether the owner suffer much or little, he is entitled to recover some damages. *Dixon* v. *Clow*, 24 Wend. 188. See also various cases cited in Sedgwick on Damages, p. 133, *et seq.*; *Parker* v. *Griswold*, 17 Conn. 288; *Blake* v. *Jerome*, 14 J. R. 406; 6 J. R. p. 5. But in this action the plaintiff is not entitled to recover more than nominal damages, without evidence of actual damage being sustained. The premises were empty, the plaintiff having removed all his property therefrom. No injury appears to have been sustained by the entry, and there is nothing from which improper motives may be presumed on the part of the defendant, other than the mere unlawfulness of the entry. In such a case, the plaintiff should only have recovered nominal

damages. *Pastorius* v. *Fisher*, 1 Rawle, 27 ; *Lamb* v. *Priest*, Jan. Gen. Term Com. Pleas, 1852.

The rule governing this and kindred cases is stated by Judge Woodruff in *Ives* v. *Humphreys* (1 E. D. Smith, p. 202). For a trespass committed under an honest mistake, without intent to injure, the damages should be strictly confined to compensation for the injury sustained by the plaintiff. *Walrath* v. *Redfield*, 11 Barb. 373.

If the tenant had been evicted from the premises, the damages could not have exceeded the value of the premises during the eviction, and where it does not appear that there was any bad motive imputable to the defendant or any injury sustained in consequence of the entry on the plaintiff's premises, I think damages beyond the actual injury ought not to have been awarded.

The judgment should be reduced, by limiting the damages to six cents, and affirmed for that sum and the costs of the court below, and reversed as to the residue, without costs of appeal to either party