### ROBERTS v. DAHUT.

(Supreme Court, Appellate Term. May 24, 1899.)

COMPROMISE AND SETTLEMENT.

In an action to recover the balance of a sum agreed to be paid for a release from a verbal agreement to rent land, void under the statute of frauds, plaintiff testified that defendant stated that he had consulted his lawyer, and thereupon offered him $150 to be released, which offer was accepted; that he called upon defendant for such sum, and that defendant put him off until the next day, when he borrowed a check for $25, and gave it to him; that the agreement related to a subletting by defendant from him of a tract of land which defendant subsequently purchased from the lessor. Defendant testified that he made the purchase at the instance of plaintiff, who wished to be relieved of certain obligations about the erection of buildings, and to receive a commission of $150 from the owner in the event of a sale thereof; that after the sale he came to defendant's place of business, complaining of poverty, that the vendor's payment would not come in for some time, and asked defendant to give him something for his trouble, whereupon defendant gave him $25 partly as a present and partly to dispose of the matter; and that the plaintiff, at the time he received the $25, stated that it settled the matter, which was corroborated by a neighbor, from whom he borrowed the $25, and by defendant's son and foreman. The two latter also corroborated defendant's testimony that the $150 was mentioned by plaintiff as a commission in the event of a sale. Plaintiff did not contradict the testimony of the son and foreman except in general terms. *Held*, that a verdict in favor of plaintiff was not supported by a preponderance of the evidence.

Appeal from municipal court, borough of Manhattan, Seventh district.

Action by Joseph Roberts against Josiah Dahut. From a judgment in favor of plaintiff, defendant appealed. Reversed.

Argued before FREEDMAN, P. J., and MacLEAN and LEVEN-TRITT, JJ.

Townsend, Dyett & Levy, for appellant.

Erdman, Levy & Mayer, for respondent.

MacLEAN, J. According to the plaintiff, an agreement was made between the parties, whereby the plaintiff was to sublet, and the defendant was to hire, two vacant lots at 107th street and 2d avenue for a term of five years, at a specified rate per annum, and there was given a paper running:

"New York, Oct. 5, 1898.

"Received from Josiah Dahut fifty dollars ($50) payment on a/c of $135.00 to be deposited by said Dahut to me under the lease agreed upon between him and me to-day.　　　J. Roberts."

A proposed lease was drawn by the defendant's lawyer. It was not executed, but destroyed. Soon after, the plaintiff met the defendant, upon his request by postal card, at the corner of 107th street and 2d avenue, when and where the latter said he had consulted his lawyer, and the best way for him was to buy the property, and "before buying he wanted an understanding about the lease over the trouble, how much was wanted for releasing him from it," and that he finally offered to pay, after the passing of the title, $150 for a release from the lease, but wanted the $50 already given deducted. This was accepted. When the plaintiff heard that the title was passed, he went for his money, but was put off until the next morning, when the defendant borrowed from a neighbor a check for $25, which he handed over. The action was brought for $75 as balance due upon an agreement to release the defendant from a verbal lease of land for a term of five years. The whole story about the alleged street meeting and the agreement sued upon was denied by the defendant, who said that he purchased the property at the instance of the plaintiff, who wished to be relieved of certain obligations about the erection of a building, and to receive a sum to be paid by the owner of the premises in the event of the sale thereof; that the plaintiff was present at the passing of the title; that afterwards he called at the defendant's place of business, complaining of poverty, said that the payment from the vendor was not to come in some time, and asked for something for his trouble; and that he (the defendant) then paid him $25 partly as a present, partly to dispose of the matter. As to several incidents testified to by the defendant, he was corroborated by the neighbor who loaned the check, by his foreman, and by his son, all of whom said that the defendant declared when he made the payment, "This finishes—respectively settles—the 107th street lots. The neighbor did not hear all the conversation. The two latter witnesses concurred with the defendant in saying that the sum of $150 was mentioned at the interview, but only by the plaintiff in a proposal to obtain another piece of property for the defendant at a commission

306

of $150. These circumstantial relations of the defendant and of his three witnesses were not contradicted by the plaintiff, who again testified for himself, excepting that he said in general terms that the testimony of the three last was untrue. The preponderance of evidence is decidedly in favor of the defendant. It is supported, moreover, by improbabilities in the plaintiff's story, and especially by the unlikelihood that the defendant, acting throughout under advice of counsel of position, would have been allowed to bind himself, as claimed by the plaintiff, to pay money to secure release from an agreement void by the statute of frauds.

Judgment reversed, and a new trial ordered, with costs to the appellant to abide the event.

FREEDMAN, P. J., concurs.

LEVENTRITT, J. (concurring). In the absence of more convincing proof, I think injustice would be done were this judgment affirmed.