(35 Misc. Rep. 30.)

### DIERIG v. CALLAHAN.

(Supreme Court, Appellate Term. May 6, 1901.)

1. LANDLORD AND TENANT—LEASE—SURRENDER—FORFEITURE—NOTICE.

Where a lease provided that, if the premises were sold before the expiration of the term, the lessor should pay the lessee a certain sum, and that on receipt of such sum on 30 days' notice the lessee should surrender the premises, the lessee, on surrendering the premises after receipt of such a notice, may recover such sum of the lessor, though the surrender was not made until a few days after the date specified in the notice.

2. SAME—ESTOPPEL.

Where a lease provided that, if the premises were sold before the expiration of the term, the lessor should pay the lessee a certain sum, and that on receipt of such sum on 30 days' notice the lessee should surrender the premises, after the lessee has surrendered the premises on receipt of a notice that the premises were sold, and 'demanding possession, the lessor is estopped from refusing to pay such sum on the ground that the sale alluded to in the notice was not consummated.

3. SAME—WAIVER—EVIDENCE—QUESTION FOR JURY.

Where a lease provided that, if the premises were sold during the term, the lessor should pay a certain sum to the lessee, and the lessee should surrender the premises on a certain notice, and also that the lease should not be assigned without the written consent of the lessor, and on such notice the assignee of the lessee surrendered the premises, and there is evidence that at the time the assignee purchased the lease the lessor orally consented thereto, the question of the waiver of the requirement for written consent should be submitted to the jury.

4. SAME—RE-ENTRY.

Where a lease provides against an assignment thereof without the written consent of the lessor, under penalty of forfeiture and damages, an assignment without such consent is nevertheless effectual, unless avoided by the lessor's re-entry.

5. APPEAL—ORDER FOR JUDGMENT—JUDGMENT.

Where, on an appeal from the trial term, the general term enters an order of affirmance, and judgment is entered pursuant to such order, an appeal to the appellate term should be from the judgment

Appeal from city court of New York, general term.

Action by Johanna Dierig against Julia A. Callahan. From a judgment of the general term of the city court of New York (68 N. Y. Supp. 1131) affirming a judgment for defendant rendered at the trial term, plaintiff appeals. Reversed.

Argued before BISCHOFF, P. J., and CLARKE and LEVENTRITT, JJ.

George C. Coffin and Frederick H. Kellog, for appellant.
Alfred Steckler, for respondent.

PER CURIAM. The lease was of the store No. 411 Canal street, in the city of New York, and was made by the defendant to one

Lina Kiehl, whose interest as lessee passed by intermediate assignments in writing to the plaintiff, and this action was brought by her to recover upon the lessor's following covenant:

"It is hereby covenanted and agreed between the parties hereto that, in case the premises hereby leased shall be sold by the said party of the first part during the term of the written lease, and the purchaser shall demand possession thereof at any time prior to the expiration of the term herein specified, the said party of the first part shall pay to the said party of the second part the sum of $500 in full compensation for violation of this lease, and on written notice of thirty days, and the payment of the said sum to the said party of the second part, she will deliver possession of the premises to the party of the first part."

It was shown and conceded upon the trial that a notice such as the covenant called for was given, and that in compliance therewith the plaintiff surrendered the premises and removed therefrom some days after the expiration of 30 days immediately succeeding the time of the service of the notice upon her. Obviously, upon this state of facts, she was entitled to judgment, and it was error to direct a verdict for the defendant. That this was a covenant real, enforceable by the assignee of the term, seems an indisputable proposition when it is considered that it, in effect, provided for the lessor's purchase of the remainder of the term, the payment being intended to take the place of the further use of the premises demised; and the plaintiff having, in compliance with and reliance upon the notice given her that the premises were sold, and that the purchaser wished for possession thereof, quit and surrendered the same, the defendant was estopped from successfully availing himself of the circumstance that the sale alluded to in the notice was not consummated.

Neither was the defendant aided by the fact that the plaintiff's actual surrender of possession of the demised premises did not occur until some days after the expiration of the 30 days immediately succeeding her receipt of the notice. The covenant did not obligate her to remove within the 30 days, and it was, therefore, satisfied on her part by her removal within a reasonable time after the expiration of that period. But, be that as it may, certain it is from the covenant that she was entitled to remain in possession until payment to her of the sum agreed. Two things were thereby required of the defendant as conditions precedent to any right to the plaintiff's removal,—the giving of a previous notice of 30 days, and the payment of $500, which latter she omitted.

Again, the judgment is not to be supported because the lease provided against an assignment thereof without the written consent of the defendant under penalty of forfeiture and damages. There was abundant evidence which tended to show the defendant's oral consent at the time of the plaintiff's purchase of the lease, and therefrom a waiver of this restriction would result. In any event, therefore, the plaintiff was entitled to have the question of the defendant's consent submitted to the jury, as requested by her counsel. But, aside from the fact that forfeiture of the lease, because of the assignment thereof, was not pleaded, the omission of the defendant's consent was immaterial, since it is elementary that an

assignment of a lease in violation of restrictions such as here appear is nevertheless effectual unless avoided by the lessor's re-entry. None such appeared or was claimed on the trial. Wood, Landl. & Ten. § 323, p. 530, and cases cited in note 6.

There is no force in the respondent's contention that this appeal is not maintainable because not taken from the order of affirmance as well as from the judgment which was entered pursuant to that order. The case cited by counsel (Waltenberg v. Bernhard, 27 Misc. Rep. 795, 58 N. Y. Supp. 325) is direct authority that the appeal was properly taken from the judgment only. The order alluded to is wholly of an interlocutory character, and so not appealable. Whitfield v. Railroad Co. (Com. Pl.) 10 N. Y. Supp. 106.

The judgments of the general and trial terms of the court below should be reversed, and a new trial ordered, with costs to the appellant to abide the event.