In re CITY OF MT. VERNON. Respondent. (Supreme Court, Appellate Division, Second Department. January 30, 1902.) In the matter of the application of the city of Mt. Vernon for the appointment of commissioners in re Fourth street. George W. Weeks, executor, appeals. No opinion. Motion denied.

CLARK. Respondent, v. MacMASTER, Appellant. (Supreme Court, Appellate Division, Fourth Department. December 3, 1901.) Action by Paul R. Clark against Charles E. MacMaster. No opinion. Judgment and order of county court affirmed, with costs.

CLARK, Appellant, v. PEMBERTON, Respondent. (Supreme Court, Appellate Division, Second Department. January 24, 1902.) Action by Elizabeth A. Clark against William H. Pemberton. No opinion. Motion denied.

COLLINS, Appellant, v. AMERICAN NEWS CO. et al., Respondents. (Supreme Court, Appellate Division, First Department. January 24, 1902.) Action by John T. Collins against the American News Company and others. A. Furber, for appellant. F. Bartlett, for respondents. No opinion. Judgment (69 N. Y. Supp. 638) affirmed, with costs, on opinion of court below.

COLLINS, Respondent, v. FOWLER, Appellant. (Supreme Court, Appellate Term, October, 1901.) Action by Kate J. Collins against Anderson Fowler. Weiser & Bridges (Rastus S. Ransom and Henry W. Bridges, of counsel), for appellant. Howe & Hummel, for respondent. No opinion. Judgment (71 N. Y. Supp. 1134) appealed from affirmed, with costs.

COMLEY v. SELOVER. (Supreme Court, Appellate Division, Fourth Department. January 28, 1902.) Action by Mary J. Comley against Grace E. Selover, as executrix, etc. No opinion. Motion for reargument denied, with $10 costs and disbursements. Motion for leave to appeal to the court of appeals denied.

In re CONLON'S ESTATE. (Supreme Court, Appellate Division, First Department. February 7, 1902.) In the matter of John P. Conlon, deceased. G. M. Schultz, for appellant. J. A. Boylan, for respondent. No opinion. Judgment affirmed, with costs.

COOPER, Appellant, v. HEATHERTON, Respondent. (Supreme Court, Appellate Division, Second Department. December 23, 1901.) Action by Frank Cooper, as trustee, etc., against James M. Heatherton, individually and as trustee, etc. No opinion. Motion to amend judgment, so that the sale authorized shall cover all of the property in question, granted.

COROTINSKY, Respondent, v. MAIMIN, Appellant. (City Court of New York, General Term. December, 1901.) Action by Ephraim Corotinsky against Harry Maimin, the name Harry being fictitious, etc. Frederick J. Moses, for appellant. John Bogart, for respondent. No opinion. Judgment and order appealed from affirmed, with costs.

CROFOOT et al., Respondents, v. TULLY PIPE LINE CO., Appellant. (Supreme Court. Appellate Division, Third Department. December 31, 1901.) Action by David O. Crofoot and another against the Tully Pipe Line Company. No opinion. Order affirmed, with $10 costs and disbursements.

CROOKS et al., Appellants, v. PEOPLE'S NAT. BANK OF MALONE, Respondent. (Supreme Court, Appellate Division, Third Department. December 31, 1901.) Action by George W. Crooks, as trustee in bankruptcy of the estates of Howard E. King and the firm of H. E. King & Son, bankrupts, against the People's National Bank of Malone. No opinion. Reargument ordered.

CSATLOS v. METROPOLITAN ST. R. CO. (Supreme Court, Appellate Division. First Department. January 24, 1902.) Action by William Csatlos against the Metropolitan Street Railroad Company. No opinion. Motion denied.

CULLINAN, State Excise Com'r, Respondent, v. FIDELITY & DEPOSIT CO. OF MARYLAND, Appellant, et al. (Supreme Court, Appellate Division, Second Department. December 23, 1901.) Action by Patrick W. Cullinan, as state commissioner of excise, against the Fidelity & Deposit Company of Maryland, impleaded with William Texter. No opinion. Judgment affirmed, with costs.

CUTTING et al., Appellants, v. BALTIMORE & O. R. CO. et al., Respondents. (Supreme Court, Appellate Division, Second Department. January 30, 1902.) Action by Robert L. Cutting and Ross R. Auld, on behalf of the stockholders of the Staten Island Rapid Transit Railroad Company, against the Baltimore & Ohio Railroad Company and others. No opinion. Motion for reargument denied.

In re DALY, Commissioner. (Supreme Court, Appellate Division, Second Department. December 23, 1901.) In the matter of the application of Michael T. Daly, as commissioner, etc., to acquire certain real estate, etc., Mt. Kisco. No opinion. Reargument ordered for Wednesday, January 8, 1902.

DARLING, Respondent, v. LACKNER, Appellant. (Supreme Court, Appellate Term. December, 1901.) Action by Elmer A. Darling, as executor, etc., of Alfred B. Darling, landlord, against John Lackner, sued as John Lockner, tenant. Samuel W. Bower (Thomas A. Atchison, of counsel), for appellant. Justin S. Galland, for respondent. No opinion. Affirmed, under Wulff v. Cilento, 28 Misc. Rep. 551, 59 N. Y. Supp. 525, with costs.

DAVID STEVENSON BREWING CO., Appellant, v. JORDAN, Respondent. (Supreme Court, Appellate Division, Second Department.

January 17, 1902.) Action by the David Stevenson Brewing Company against Olga R. Jordan. No opinion. Judgment and order affirmed, with costs.

**DEAN, Appellant, v. NEW YORK CENT. & H. R. R. CO., Respondent.** (Supreme Court, Appellate Division. Third Department. December 31, 1901.) Action by Cora I. Dean, as administratrix, etc., of Ira W. Dean, deceased, against the New York Central & Hudson River Railroad Company. No opinion. Judgment and order unanimously affirmed, with costs.

**DEARMAN, Appellant, v. REED et al., Respondents.** (Supreme Court, Appellate Division. Second Department. January 30, 1902.) Action by David C. Dearman against Mary E. Reed and others. No opinion. Order affirmed, with $10 costs and disbursements.

**DIERIG, Respondent, v. CALLAHAN, Appellant.** (City Court of New York, General Term. December, 1901.) Action by Johanna Dierig against Julia A. Callahan. Alfred & Charles Steckler, for appellant. George C. Coffin, for respondent.

CONLAN, J. The action was to recover a sum of money stipulated in a lease held by plaintiff under a bill of sale of the unexpired term. The lease contained a clause that, if the premises were sold during the term, the lessor would pay to the lessee the sum of $500 in case possession of the premises should be demanded. The lease was to one Lina Kiehl, who died during the term, and her administratrix sold the lease to the plaintiff, and she entered into possession of the premises and continued the payment of the rent reserved; the owner receiving from and receipting to her therefor. Upon a former trial the defendant had judgment, which was affirmed by this court at general term, and upon appeal to the appellate term that court reversed the judgment and ordered a new trial. The case in the appellate term is reported in 35 Misc. Rep. 30, 70 N. Y. Supp. 210. It was contended by the defendant upon the new trial, and now upon this appeal, that the assignment of the lease, as claimed by plaintiff, was never accepted by or assented to by the defendant; but in the opinion reversing the former judgment the court said: "But, aside from the fact that the forfeiture of the lease, because of the assignment thereof, was not pleaded, the omission of defendant's consent was immaterial, since it is elementary that an assignment of a lease in violation of restrictions such as here appear, is nevertheless effectual, unless averted by the lessor's re-entry. None such appeared or was claimed on the trial,"—citing Wood, Landl. & Ten. § 530, and cases cited in note 6. That court also held that the payment of the $500 was a condition precedent to the right to possession under the notice required by the lease, and that the covenant to pay was a covenant real, enforceable by the assignee of the term. Under the distinct rulings as thus laid down by the appellate term, we are of the opinion that the issues were correctly determined upon the trial, and that the judgment and order appealed from must therefore be affirmed, with costs. Judgment and order affirmed, with costs. See 70 N. Y. Supp. 210.

HASCALL, J., concurs.

**DI LORENZO, Appellant, v. DI LORENZO, Respondent.** (Supreme Court, Appellate Division, Second Department. January 17, 1902.) Action by Gregorio di Lorenzo against Johanna di Lorenzo. No opinion. Order allowing filing of the exception affirmed, on argument, without costs. See 70 N. Y. Supp. 1012.

**In re DITNER.** (Supreme Court, Appellate Division, Fourth Department. January 28, 1902.) In the matter of the application of Catharine Ditner to compel substitution of an attorney in place of George V. Fleckenstein. No opinion. Order affirmed, with $10 costs and disbursements. All concur, except WILLIAMS, J., who dissents.

**DITTMAR, Appellant, v. GOULD et al., Respondents.** (Supreme Court, Appellate Division, First Department. February 14, 1902.) Action by Anton J. Dittmar against George J. Gould and others, as trustees, etc., impleaded. S. Untermyer, for appellant. L. Semple, for respondents. No opinion. Judgment affirmed, on opinions delivered on previous appeal. 60 App. Div. 94, 69 N. Y. Supp. 708.

**DOERR, Appellant, v. FISS et al., Respondents.** (Supreme Court, Appellate Division, First Department. January 10, 1902.) Action by William H. F. Doerr against Fiss, Doerr & Carroll. E. F. Harding, for appellant. A. J. Baldwin, for respondents. No opinion. Order affirmed, with $10 costs and disbursements.

**DONALDSON, Appellant, v. INTERNATIONAL PULP CO., Respondent.** (Supreme Court, Appellate Division, Third Department. December 31, 1901.) Action by William J. Donaldson against the International Pulp Company. No opinion. Judgment unanimously affirmed, with costs.

**DONNELLAN, Respondent, v. THIRD AVE. R. CO., Appellant.** (Supreme Court, Appellate Division, First Department. January 24, 1902.) Action by Thomas Donnellan against the Third Avenue Railroad Company. C. F. Brown, for appellant. G. W. Bristol, for respondent.

PER CURIAM. Upon plaintiff stipulating to reduce judgment as entered to the sum of $2,158.51, judgment as so reduced affirmed, without costs to either party. Unless such stipulation be given, judgment reversed, and new trial ordered; costs to appellant to abide event.

**DOUGLAS et al. v. JONES.** (Supreme Court, Appellate Division, First Department. February 7, 1902.) Action by John F. Douglas and another against Emma L. Jones. No opinion. Motion granted.

**DOWE et al., Appellants, v. GRAND COBRE CO. et al., Respondents.** (Supreme Court, Appellate Division, First Department. Janu-