### S. LIEBMANN'S SONS BREWING CO. v. LAUTER et al.

(Supreme Court, Appellate Division, First Department. June 6, 1902.,

LEASE—ASSIGNMENT—FORFEITURE.

    Violation of a covenant in a lease against assignments will not work a forfeiture without some action on the part of the landlord; and an answer by the landlord in a suit to foreclose a mortgage on a lease executed by an assignee thereof, merely setting up that he did not consent to the assignments or to the mortgage, and averring that by reason of the assignments the lease was forfeited, is therefore demurrable.

Appeal from special term, New York county.

Action by S. Liebmann's Sons Brewing Company against Wilhelm. Lauter and others. Judgment overruling a demurrer to a separate defense in the answer, and plaintiff appeals. Reversed.

Argued before HATCH, McLAUGHLIN, PATTERSON,. O'BRIEN, and LAUGHLIN, JJ.

Samuel Hoff, for appellant.
August P. Wagener, for respondents.

O'BRIEN, J. The action is brought by plaintiff to foreclose a mortgage on a lease which had been made by the defendant Lauter,. the landlord, to one Patrick Quinn, and by the latter assigned to Edwards, who mortgaged it to plaintiff. One of the covenants of the lease provided that the lessee "will not assign this lease, nor let or underlet the whole or any part of the said premises, * * * without the written consent" of the landlord, "under the penalty of forfeiture and damages." Lauter was made a party defendant because of the covenants in the lease, but no personal judgment was asked against him. In his answer, among other things, he alleges that he did not consent to the assignment or the mortgage of the lease, and then avers that by the assignments the lease became forfeited. To this separate defense the plaintiff demurred, but the demurrer was. overruled, and from the interlocutory judgment thus entered this appeal is taken.

The single question presented is whether a violation of a covenant ·in a lease not to assign works a forfeiture of the lease without further ·action on the part of the landlord. The authorities, as we read them, are to the effect that an assignment without the consent of the land-lord renders the lease not void, but voidable. If the landlord chooses to avail himself of the breach, he can do so by re-entry or by enjoin-ing the tenant from assigning, or he can recover damages for breach ·of the covenant. As said in Chautauqua Assembly v. Alling, 46 Hun, ·584:

"The several assignments of the interests of the lessees are not absolutely ·void; they are voidable only, at the election of the lessor or its assigns. They pass title subject to the consequences of the breach. If the lessor or its assignee chooses to avail itself of the breach, it can only do so by re-entering as provided by the lease, or by pursuing such other legal remedy as the ·right of re-entry confers."

See, also, Kramer v. Amberg, 53 Hun, 427, 6 N. Y. Supp. 303.

In the answer of the landlord there is no allegation of re-entry ·or of any proceeding taken or any election·to avail of the breach, and no counterclaim is pleaded or damage claimed. We think, there-fore, that this defense is insufficient in law, and that the demurrer ·should have been sustained.

The interlocutory judgment must accordingly be reversed, with costs, and the demurrer sustained, with costs, but with leave to the defendant to answer over upon payment of the costs. All concur.