GREENBAUM, J.   The appeal record shows that after the plaintiff had rested, the defendant, having unsuccessfully moved to dismiss the complaint, rested without introducing any proof.   Thereupon defendant's counsel renewed his motion to dismiss, and also moved for a direction in favor of defendant, and plaintiff's counsel moved for a direction in favor of plaintiff.   Defendant's motions were denied, and plaintiff's motion was granted.   Defendant's counsel then moved for a new trial "upon all the grounds specified in section 999 of the Code," and this motion was denied.   It appears that, immediately after this disposition of the case, the counsel conferred with the court, and the court agreed to receive briefs and reconsider the matter.   The parties are not in accord as to what precise motion or motions the court then undertook to consider, but the record shows that the learned justice before whom the cause was tried rendered an opinion in which he referred to the motion as one "to set aside the verdict as contrary to law and the evidence," that he granted said motion, entered an order in accordance therewith, and denied defendant's subsequent motion seeking to resettle said order.   Defendant appeals from the order granting a new trial, contending that the proper practice was to set aside the verdict directed for the plaintiff, and direct a verdict in favor of defendant.   So far as the record discloses, defendant's motion was granted, and, under such circumstances, it is difficult to comprehend how he can successfully appeal from an order entered in his favor upon his own motion.

It seems to me fruitless here to consider what course of procedure might or should have been followed by the court below or by the defendant's counsel.   It may be suggested that, had the defendant contented himself with his exceptions to the court's rulings upon the motions to dismiss and to direct verdicts, this court might have been in a position, upon an appeal from the judgment, to make a final disposition of the case; but upon the record as presented appellant seems to have obtained all it asked for, and no convincing reason justifying an appeal on its part is apparent.

Order affirmed, with costs and disbursements.   All concur.

---

## BROADWAY BLDG. CO. v. MYERS.

(Supreme Court, Appellate Term.   February 27, 1906.)

LANDLORD AND TENANT—EVICTION—EVIDENCE.

> Whether there was an eviction of a tenant who moved out, leaving one in possession, without consent of the landlord, as required by the lease in case of assignment of the lease or subletting, is a question for the jury; the landlord having before the end of the term moved out the furniture of the person left in possession, erased his name from the door, and changed the locks.

Appeal from Municipal Court, Borough of Manhattan, Second District.

Action by the Broadway Building Company against Joseph Myers. From a judgment for plaintiff, defendant appeals.   Reversed.

Argued before SCOTT, P. J., and GIEGERICH, and GREENBAUM, JJ.

97 N.Y.S.—62

Wilson R. Mendell, for appellant.
Andrew Gilhooly; for respondent.

GREENBAUM, J. Defendant, while in occupancy of offices in plaintiff's building, prior to May 1, 1905, procured from plaintiff a written lease of said premises for a term of one year commencing May 1, 1905. Defendant had permitted one Gorsuch, trading as D. W. Buchanan & Co., to occupy part of the offices, and have his name on the door. About May 1st defendant concluded to take offices in another building, and endeavored to get plaintiff to accept Gorsuch as its tenant. This plaintiff declined to do. Defendant moved out, leaving Gorsuch in possession. Plaintiff refused to permit Gorsuch to remain, moved out his furniture, had his name erased from the door, and the tumblers in the lock changed. The lease forbade any assignment or subletting without the written consent of the landlord, and restricted the use of the offices to the tenant and his employés. There is no pretense that there was any assignment of the lease or sublease to Gorsuch with the consent of the landlord. Defendant seeks to establish eviction by reason of the change in the lock and other acts done by plaintiff or its agent.

The question arises as to the rights of the landlord, in case of a breach of a covenant in the lease, not to assign or sublet. The remedy in such cases seem to be either by an action for damages against the lessee, or a re-entry or expulsion of the lessees, or those claiming under them, where there is a covenant in the lease giving the right to re-enter. Chautauqua Assembly v. Alling, 46 Hun, 582, 584. Such a right to re-enter is entirely in the option of the lessors. They may either exercise that right or waive it. Murray v. Harway, 56 N. Y. 337. The breach of the covenant, however, would not give the right to the landlord to forcibly interfere with the enjoyment of the use of the premises by the tenant, nor to forcibly eject any person who occupied the premises with the tenant's approbation. A landlord has no right to enter upon his tenant's premises during the term of the lease without the tenant's consent. Shannon v. Burr, 1 Hilt. 39. Such interference may be tantamount to an eviction. The defendant was entitled to have the facts which tended to show interference with the beneficial use and enjoyment of the premises on the part of the tenant or his lessee submitted to the jury on his plea of eviction. There was no justification in taking away from the jury the determination of the questions of fact bearing upon the alleged eviction.

The judgment must be reversed, and a new trial ordered, with costs to the appellant to abide the event. All concur.