### ROGGE v. LEVINSON et al.

### (Supreme Court, Appellate Term.  December 16, 1908.)

1. LANDLORD AND TENANT (§ 109*) — "SURRENDER BY OPERATION OF LAW" — NEW LEASE.

To make a surrender by operation of law by a new lease within Laws 1896, p. 592, c. 547, § 207, providing that an interest in real estate other than a lease for a term not exceeding one year cannot be surrendered unless by operation of law, etc., there must be a new valid lease either to the lessee or a third party, and such a new lease by parol is only effective as a surrender when it is within the exception in the statute of frauds.

[Ed. Note.—For other cases, see Landlord and Tenant, Cent. Dig. § 359; Dec. Dig. § 109.*]

For other definitions, see Words and Phrases, vol. 8, pp. 6821, 6822.]

2. LANDLORD AND TENANT (§ 109*) — SURRENDER—OPERATION OF LAW—AGREEMENT.

Before the expiration of the term of a lease for years, negotiations between the landlord and the tenant for the taking over of the lease by a third person did not result in the making of a new lease to the third person, but he moved into the premises under permission of the tenant and

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

remained a month, when he moved out, after which the landlord re-entered under the re-entry clause in the lease. The tenant requested a release, but the landlord notified him that, because of inability to come to terms with the third person, he would look to the tenant for the rent. The negotiations with the third person fell through because the landlord insisted that the proposed lease to him should contain provisions more onerous than those in the original lease. *Held* not to establish a surrender by agreement within Laws 1896, p. 592, c. 547, § 207, providing that an interest in real estate other than a lease for a term not exceeding one year cannot be surrendered unless by act or operation of law, or by a deed or conveyance in writing subscribed by the person surrendering.

[Ed. Note.—For other cases, see Landlord and Tenant, Cent. Dig. § 359; Dec. Dig. § 109.*]

Appeal from Municipal Court, Borough of the Bronx, Second District.

Action by Margaret Rogge against Leo Levinson and another. From a judgment for defendants, and from an order denying a motion for a new trial, plaintiff appeals. Reversed, and new trial ordered.

Argued before GIEGERICH, HENDRICK, and FORD, JJ.

Rand, Moffat & Webb (Francis C. Schwab, of counsel), for appellant.

FORD, J. This is an action brought by the landlord against the defendants, tenants, for rent for the months of April and May, 1908, of No. 2798 Third avenue. The appeal is from a judgment in favor of defendants, and from an order denying a motion for a new trial.

Plaintiff leased the premises to the defendants on November 29, 1905, for the term commencing December 1, 1905, and ending April 30, 1910, defendants agreeing to pay $35 a month in advance on the first of each month. They have not paid the rent due on the 1st of April and the 1st of May, 1908. The defendants admit the making of the lease and admit that they entered into the occupation of the premises. The evidence shows that they have not paid the rent for those months. For a separate defense defendants set up that in March, 1908, the lease was canceled by mutual agreement between the parties and for a consideration, and the possession of the premises surrendered to the plaintiff and accepted by her. There were negotiations between the plaintiff's agent and the defendants in regard to having the lease of the premises taken over by one Grossman, but these negotiations never resulted in the making of a lease by the plaintiff to said Grossman, and there was no written cancellation or surrender of the lease between the parties. The reason why the negotiations fell through seems to have been that the plaintiff insisted that the proposed lease from herself to Grossman should contain certain provisions more onerous than those in her lease to defendants. Grossman moved into the premises under permission of the defendants, and stayed about a month. He then moved out, and left the premises vacant and unprotected. Plaintiff then re-entered the premises under the re-entry clause in her lease, taking the keys from Grossman after defendant Levinson had refused to receive them from him.

The statute provides that an interest in real property other than a lease for a term not exceeding one year cannot be surrendered unless by act or operation of law, or by a deed or conveyance in writing, subscribed by the person surrendering the same, or by his lawful agent, thereunto authorized in writing. Laws 1896, p. 592, c. 547, § 207. To make a surrender by operation of law there must be a new valid lease either to the lessee or a third party. Such a new lease by parol is only effective as a surrender when it is within the exception contained in the statute of frauds. Coe v. Hobby, 72 N. Y. 141, 28 Am. Rep. 120. There was then no surrender by operation of law in the case at bar. Nor was there any surrender by deed in writing subscribed by the landlord or his lawful agent. On April 11, 1908, defendant Helleritt wrote plaintiff, inclosing lease and asking plaintiff to send a release. On April 16, 1908, defendant Levinson wrote plaintiff, stating that he released her and asked her to send him a release. On April 21, 1908, plaintiff wrote defendants that, being unable to come to terms with the tenant they proposed, she would look to them for rent. This is evidently not a compliance with the statute. Coe v. Hobby, supra.

The judgment and order should be reversed, and a new trial ordered, with costs to the appellant to abide the event. All concur.