### LANE v. SPIEGEL et al.

(Supreme Court, Appellate Term. May 25, 1909.)

1. APPEAL AND ERROR (§ 171*)—THEORY OF CASE BELOW.

The trial having proceeded on the theory that the concession of plaintiff's counsel at the opening was to be considered as showing ample authority in a certain person to bind plaintiff, the contrary cannot be claimed for the first time on appeal.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 1053–1069, 1161–1165; Dec. Dig. § 171.*]

2. LANDLORD AND TENANT (§ 79*)—SUBLETTING—REMEDY.

In case of breach of the provision in a lease prohibiting the lessees from assigning it, or subletting, without the landlord's consent, and providing for a re-entry by the landlord if the prohibition is violated, the landlord's remedy is only by action for damages against the lessee, or by re-entry and expulsion of the lessee or those claiming under him; and he cannot forcibly interfere with the enjoyment of the premises, or forcibly eject one occupying them with the lessee's consent, so that the assignment is effectual till avoided by the landlord's re-entry.

[Ed. Note.—For other cases, see Landlord and Tenant, Dec. Dig. § 79.*]

3. LANDLORD AND TENANT (§ 76*)—SUBLETTING—CONSENT—EVIDENCE.

It is not inconsistent with the landlord's agent having consented to or acquiesced in the subletting of the premises by the lessee to F. that such

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

agent wrote in the sublease words making F.'s right to sublet dependent on the approval of the landlord.

[Ed. Note.—For other cases, see Landlord and Tenant, Dec. Dig. § 76.*]

4. LANDLORD AND TENANT (§ 211*)—LIABILITY FOR RENT—ALLOWANCE.

Plaintiff leased premises to defendants, who assigned the lease to F. Thereafter plaintiff asked permission of defendants to allow S., a tenant of other premises of plaintiff, to occupy part of the premises leased defendants while certain repairs were being made. Defendants said they did not object, but that consent of F., their sublessee, would have to be obtained. Without the consent of F., plaintiff put S. in part of said premises. F. refused to pay rent unless allowed for the use of the part of the premises so occupied by S. *Held,* that defendants were not liable for the rent without such allowance.

[Ed. Note.—For other cases, see Landlord and Tenant, Dec. Dig. § 211.*]

Appeal from Municipal Court, Borough of Manhattan, First District.

Action by Edward V. Z. Lane against Julius Spiegel and another, partners as J. Spiegel & Co. From a judgment for plaintiff, defendants appealed. There was an affirmance without opinion, and then reargument was allowed. Reversed, and new trial ordered.

Argued before GILDERSLEEVE, P. J., and GIEGERICH, and SEABURY, JJ.

Henry M. Flatteau, for appellants.
Frank M. Groff, for respondent.

PER CURIAM. The material facts in this case are not disputed. This action was brought to recover for rent for the months of August and September, 1908. The defendants were tenants of the plaintiff, holding a lease for three lofts expiring February 1, 1909, in premises No. 13 East Sixteenth street, this city. The rent was payable on the 1st of each month in advance. In May, 1908, the defendants assigned their lease, by an instrument in writing, to a concern called the Fischel Realty Company. This assignment was for the balance of the term from July 1, 1908. The realty company agreed to make payments to the landlord, from that date, according to the terms of the lease. The rent for July, 1908, was paid. The defendants vacated the premises in June, 1908. One Schwartzwaelder occupied a portion of the same building in which the three lofts leased to defendants were situated, and was a tenant of the plaintiff. In July, 1908, certain repairs were going on, in a building adjoining the leased premises, and a hole had been cut through the wall into Schwartzwaelder's room, and his goods were being soiled and injured by dust. He telephoned to the Ruland & Whiting Company, a real estate corporation having charge of the property, and one Anderson, the vice president of the corporation, sent one Schutt to the premises to investigate the matter. Subsequently Anderson sent Schutt to Spiegel, one of the defendants, and asked permission to allow Schwartzwaelder to occupy one of the lofts vacated by the defendants. Spiegel told Schutt that, so far as he (Spiegel) was concerned, he had no objection to letting Schwartzwaelder have the use of the loft, but that, as they (defendants) had sublet the premises to the Fischel Company, the consent of that com-

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

pany would have to be obtained. Schutt and Spiegel then went to the office of the Fischel Company. Fischel, the president of that company, was not there. A son of Fischel, aged 19 years, was present, and it is claimed that he said to Schutt that he might let Schwartzwaelder use the loft. A few days later, and on or about July 6, 1908, Schwartzwaelder took possession of the loft, and remained therein until September 29th. No permission for such occupancy was given by these defendants, other than as hereinbefore stated, and it does not appear that the defendants knew when Schwartzwaelder took possession. When the Ruland & Whiting Company demanded the rent for August and September of the defendants, they referred them to the Fischel Company, who declined to pay unless they were paid for the use of the loft occupied by Schwartzwaelder. This action was then brought, and the defendants pleaded an eviction, and also counterclaimed for the use of the premises occupied by Schwartzwaelder for the month of July. Plaintiff obtained a judgment for the full amount claimed. This court affirmed the judgment without opinion, but subsequently, upon defendants' motion, granted a reargument. Upon the reargument the attention of the court has been called to authorities, bearing upon the questions involved herein, not handed up at the first hearing, and also to some facts that were evidently overlooked.

From the foregoing statement it will be seen that the Ruland & Whiting Company caused a portion of the premises leased to the defendants, and by them sublet to the Fischel Company, to be occupied by Schwartzwaelder; that the only consent, if it can be called such, given by the defendants herein to such occupancy, is what was said by Spiegel to Schutt, and that consent was dependent upon obtaining that of the Fischel Company, which was not done. It is not seriously claimed that Fischel's son had authority to speak for that company, and it affirmatively appears that he had no such authority. The respondent claims that the Ruland & Whiting Company had no authority to, and did not, act for the plaintiff in the matter of obtaining the use of the loft for Schwartzwaelder, and that plaintiff is not bound by any of the acts of said company subsequent to the making of the lease. This point was raised for the first time upon appeal, and was not then strenuously urged, but is now insisted upon with great vehemence. At the beginning of the trial, the plaintiff's attorney made this concession upon the record:

"We will concede for the purposes of this trial that Ruland & Whiting Company were the agents for Edward V. Z. Lane, the plaintiff in this action, for the purpose of renting and caring for the property and collecting the rents."

This was regarded, upon the trial, by both parties, as sufficient to bind the plaintiff for any acts done by the Ruland & Whiting Company with respect to the demised premises, and at no time during the trial did the plaintiff point to any lack of proof on the part of the defendants in that respect. The trial proceeded throughout its entire length upon the theory that the concession above quoted was to be considered as showing ample authority in Ruland & Whiting Company to bind the plaintiff, and, had the question been raised then, it may well be presumed that the defendants would have met it with sufficient proof. It is too late to raise the question for the first time upon appeal. The

authorities are numerous and uniform to the effect that the theory on which a case is tried and decided will govern the appellate court for the purposes of review. Stapenhorst v. Wolff, 65 N. Y. 596.

Moreover, there is other testimony in the case from which a strong and legitimate inference can be drawn, in support of the claim of the defendants, that Ruland & Whiting Company was the alter ego of the plaintiff, and that any act of that corporation in connection with the premises can legally be considered the act of the plaintiff, and also as showing that the present claim of want of authority in said corporation is an afterthought of plaintiff's attorney. The lease offered in evidence is signed by the defendants only. It was made upon one of the Ruland & Whiting Company blanks. The plaintiff was not personally present at the trial. The complaint was not verified by him, but by one Irving S. Whiting, who swears that he "is one of the agents of the plaintiff," that he "is the agent in charge of the property which gives rise to the subject-matter of this claim," that "the plaintiff's agents are Ruland & Whiting Company, and that deponent is an officer thereof, viz., its secretary." It was not claimed or shown that the plaintiff ever signed any lease in person, nor that he ever had any actual knowledge of its existence even, or of the pendency of this action; and it would seem that the claim, now made, of want of authority in the Ruland & Whiting Company, was unsubstantial.

There was a provision in the lease prohibiting the tenants from assigning it, or subletting the premises, without the consent of the landlord, and providing for a re-entry by the landlord if such prohibition was violated. The remedy of a landlord in a case where such a provision is violated is either by an action for damages for a breach of the covenant against the lessee, or a re-entry and expulsion of the lessees or those claiming under them. Chautauqua Assembly v. Alling, 46 Hun, 582. Such a right of re-entry is optional with the landlord, and he may waive it or enforce it. Murray v. Harway, 56 N. Y. 337. The breach of the covenant, however, would give no right to the landlord to forcibly interfere with the enjoyment of the use of the premises, nor to forcibly eject any person who occupied them with the tenant's consent. The possession of the premises is legally assured to the tenant during the time of the lease, and the landlord has no right to enter without the consent of the tenant. Shannon v. Burr, 1 Hilt. 39. The landlord in the case at bar did not exercise his option to bring suit for damages, or to re-enter by reason of the breach of the covenant in the lease. The assignment of the lease to the Fischel Company, although in violation of the covenant in their lease with the plaintiff, was effectual until avoided by the landlord's re-entry. Dierig v. Callahan, 35 Misc. Rep. 30, 70 N. Y. Supp. 210; Wood, L. & T. p. 530, § 323; Liebmann's Brg. Co. v. Lauter, 73 App. Div. 183, 76 N. Y. Supp. 748. Broadway Realty Co. v. Myers, 49 Misc. Rep. 531, 97 N. Y. Supp. 977.

Much stress is laid by the respondent upon this prohibitory clause in the lease, and he strongly urges that neither the plaintiff nor the Ruland & Whiting Company gave their consent to the subletting by the defendants. As before stated, so far as the plaintiff is concerned,

he nowhere personally appears in any of the transactions regarding the property. As to the consent by the Ruland & Whiting Company to such letting, much is said in the briefs of counsel of both parties. The defendants' attorney claims that the Ruland & Whiting Company, having full knowledge of such subletting, by refusing to express any disapproval thereof and by their affirmative acts in connection therewith consented by acquiescence to such subletting. On the other hand, the plaintiff's attorney urges that the Ruland & Whiting Company did not consent to or acquiesce in the subletting, and says that such claim "is clearly at variance with the testimony of the defendant Spiegel, who states that Anderson wrote into the instrument given to the Fischel Company the words 'subject to the approval of the landlord,'" and respondent claims that this is a clear indication that Ruland & Whiting Company did not intend to in any way sanction such subleasing. This statement in disingenuous, to say the least, and is not supported by the evidence. It appears that Spiegel submitted the subleasing instrument to Anderson for his approval. Anderson inserted the above-quoted words therein. The clause in which those words appear reads as follows; the words inserted being underscored:

"Provided, however, that the said Fischel Realty Company shall have the privilege at all times during the aforesaid period of subletting or underletting the aforesaid three lofts or any part thereof, *subject to the approval of the landlord,* and said firm of Spiegel & Co. does hereby grant to said Fischel Company the privilege of subletting or underletting."

The insertion of those words in said clause indicates, therefore, that the Ruland & Whiting Company did not oppose the leasing by Spiegel & Co., but merely intended to provide thereby that, if the Fischel Company sublet, such subletting should have the approval of the landlord, and supports the defendants' contention that, with a full knowledge of the sublease and its terms, the Ruland & Whiting Company did not disapprove, so far as the leasing by defendants was concerned; and it would seem that, if the Ruland & Whiting Company had no authority in the premises, a prompt notification to the landlord of such subletting would follow, and prompt disavowal by him would have resulted. It is patent that the defendants had no object in granting their consent to the occupancy of the premises by Schwartzwaelder, and if they had put Schwartzwaelder into possession without the consent of their lessee it would have absolved such lessee from liability for rent, as such an act on their part would have constituted an actual eviction of their tenant, and would have suspended the payment of rent during the time of such eviction. Seigel v. Neary, 38 Misc. Rep. 297, 77 N. Y. Supp. 854.

It is clear that defendants had no intention of permitting Schwartzwaelder to go into the loft without the consent of the Fischel Company, and Spiegel made that perfectly plain to Schutt, and Anderson testifies, in substance, that he knew that the consent of the Fischel Company was necessary. It is equally clear that the Ruland & Whiting Company sought to obtain the use of the loft for the benefit of the plaintiff by accommodating one of his tenants, who had been disturbed in his enjoyment of the use of his premises. The facts in this case and those in the case of Rogge v. Levenson (Sup.) 113 N.

Y. Supp. 525, cited by the respondent, are dissimilar in many respects. In the Rogge Case, the tenants put their lessee in possession of the premises and then attempted to defeat the landlord's claim for rent by claiming a surrender and acceptance of the lease. In the case at bar the plaintiff's agent put a stranger into possession of the premises, in violation of the rights of the subtenant, and without in any legal manner attacking the validity of the sublease or of the original lease for failure on the part of the tenants to comply with its provisions.

The recovery of this judgment, and its maintenance, must be based upon want of authority in Ruland & Whiting Company to act for the plaintiff, in the transaction with the defendants, relative to the subletting and to the placing of Schwartzwaelder into possession of a portion of the premises. The evidence as herein shown, both direct and inferential, points in the opposite direction to that proposition, and there is neither proof nor inference in support of it. It is more than probable that, although the plaintiff is undoubtedly the owner of the premises, the lease was made by Ruland & Whiting Company, and the testimony is conclusive that what that company did in the premises is binding upon the plaintiff. That being so, to uphold this judgment would in effect be a finding that plaintiff could ratify the acts of his authorized agent when those acts were to his advantage, and disavow those acts when they were to his disadvantage.

Assuming, as we must, in view of the evidence, that the Ruland & Whiting Company had power to bind the plaintiff by its acts in the premises, if, then, the consent of the defendants to Schwartzwaelder's occupancy was given, there is nothing in such consent, as so given, to preclude them from being entitled to counterclaim against the plaintiff's claim for rent the value of the use and occupation of the premises by Schwartzwaelder. If, on the other hand, the defendants did not give their consent to Schwartzwaelder's occupancy, whether or not the acts of Ruland & Whiting Company in putting Schwartzwaelder into possession without such consent, or without the consent of the Fischel Company, constituted an eviction of the defendant, need not now be determined, as upon either view of the case the plaintiff, under the facts shown herein, cannot recover the full amount for which he now has judgment. Upon a new trial other facts may be shown which will alter the legal aspects of the case.

Judgment reversed, and new trial ordered, with costs to appellants to abide the event. All concur.