(81 Misc. Rep. 157.)

### HELLENBERG v. SCHMIDT.

(Supreme Court, Appellate Term, First Department.   June 17, 1913.)

LANDLORD AND TENANT (§ 186*)—WRONGFUL RE-ENTRY—TRESPASS—DAMAGES.
Plaintiff's lease of an apartment from defendant not having expired until October 1, 1912, he, having paid the rent for the entire month of September, removed on September 17th, but retained the keys, and on the 22d plaintiff's wife, on returning to the apartment, found workmen of defendant in possession.   They continued to occupy and redecorate the apartment until after October 1st.   *Held*, that the landlord's occupation of the premises under such circumstances was a willful trespass, and that she was liable for the proportionate amount of the rent for the period during which she was in unlawful possession.

[Ed. Note.—For other cases, see Landlord and Tenant, Cent. Dig. §§ 755–762;  Dec. Dig. § 186.*]

Appeal from Municipal Court, Borough of Manhattan, Seventh District.

Action by Herman Hellenberg against Annie Schmidt.   Judgment for defendant, and plaintiff appeals.   Reversed and rendered.

Argued May term, 1913, before LEHMAN, BIJUR, and WHITAKER, JJ.

Joseph Sapinsky, of New York City (Alvin T. Sapinsky, of New York City, of counsel), for appellant.

Joseph Day Lee, of New York City, for respondent.

LEHMAN, J.   The plaintiff rented an apartment in the defendant's apartment house by lease expiring on October 1, 1912. He paid the entire rent for September, but moved on September 17th to a new apartment.   At that time he removed all his property from the apartment, except some small articles, which his wife forgot.   They locked the door of the apartment and retained the keys.   On September 22d the plaintiff's wife returned to the apartment to remove the forgotten articles, and found workmen in the apartment decorating it for a prospective tenant.   She protested against their occupation, on the ground that she was entitled to its exclusive use until October 1st.   On September 24th she returned to the apartment, and found the decorators still in possession.   On September 26th the plaintiff sent a letter to the defendant, demanding the repayment of the rent paid in advance for the period since the decorators were in possession.   The decorators continued in possession until after October 1st.   This testimony is undisputed; and upon this testimony the trial justice in a thoughtful opinion decided that there was a technical trespass by the landlord, but that the landlord acted in good faith, believing that the plaintiff had abandoned the premises, and that, since the plaintiff had suffered no actual loss by reason of the landlord's occupation of unoccupied premises, he is only entitled to nominal damages.   Shannon v. Burr, 1 Hilt. 39.

I cannot agree with the trial justice.   The facts do not show a case of involuntary trespass.   The landlord knew, or should have known, that the tenant, by paying the rent to October 1st, had a right to oc-

cupy the premises till that date. Any idea that she had that the tenant had abandoned the premises must certainly have been dispelled by the protest of the tenant's wife on September 22d. From that time she undoubtedly knew that she was taking from the tenant the use of premises to which the tenant was entitled, and which the tenant claimed. It is immaterial that the use was of no pecuniary value to the plaintiff. The defendant was not entitled to its use, except by the permission of the tenant. To allow her without this permission to wrongfully occupy the premises upon payment merely of nominal damages "would place a premium on trespassing, because it makes the position of the trespasser more favorable than that of the one lawfully contracting. If a man's house is vacant, with no prospect of a tenant, and no intention on his part of occupying it himself, and a trespasser occupies it, he must pay as damages for the trespass the value of the use and occupation; for this would be the duty of a tenant contracting upon a quantum meruit for the use by consent of that which the trespasser uses without consent. In cases of involuntary trespass, the damages are restricted as much as possible; but when the trespass is deliberate, intentional, and continuous, they include, at least, the value of the use of the premises for the period that the owner is kept out of possession." De Camp v. Bullard, 159 N. Y. 450, 54 N. E. 26.

In this case the defendant has wrongfully obtained the use of these premises for nine days, and the plaintiff paid the defendant for rent during this period the sum of $32.49, and is entitled as damages to the return of this amount.

Judgment is therefore reversed, with costs, and judgment directed for the plaintiff in the sum of $32.49 and appropriate costs in the court below. All concur.