VICTOR B. BUCK, Appellant, v. CHARLES LEWIS, Respondent.

Kansas City Court of Appeals, June 8, 1891.

1. **Landlord and Tenant** : NOTICE OF INTENTION TO QUIT : LIABILITY CONTINUES : INSTRUCTIONS.  A tenant from month to month, who leaves the premises without giving one month's notice in writing to the landlord of his intention to terminate the tenancy, is liable for the rent of such premises for the month succeeding.  Instructions set out in the opinion are examined, and some approved and others condemned.

2. ———— : REMOVAL : DELIVERY OF KEY : SURRENDER.  The removal of a tenant from month to month from the premises, the delivery of the keys to the landlord, or any efforts of landlord to relet the premises, will not amount to an accepted surrender and release of the tenant from liability for the unexpired term.

3. ———— : DEFINITION : SURRENDER.  A surrender is the yielding up the estate to the landlord so that the leasehold becomes extinct by mutual agreement of the parties.  It is either by words by which the lessee manifests his intention of yielding up his interest in the premises, or by operation of law, as for instance, where, by consent of both parties, another becomes tenant of the premises, and the landlord collects rent from him.

4. ———: QUITTING WITHOUT NOTICE : RELETTING : SURRENDER. Where a tenant from month to month quits without leave, if the landlord after receiving the key and taking possession relets for the next month at the same rent, this would act as a release of the tenant, and if he relets for a part of the month, and receives less rent than would be due from the tenant, the tenant would only be liable for the difference.

*Appeal from the Jackson Circuit Court.*—Hon. J. H. Slover, Judge.

Reversed and remanded.

*Ashley & Gilbert,* for appellant.

(1) Tenant from month to month, who leaves premises without giving one month's notice in writing to landlord of intention to terminate tenancy, is liable for rent of such premises for the month succeeding his leaving the premises.; and if he leaves in the middle of the rental month, although having paid in advance for such month, he is liable for the rent of the succeeding month. 2 R. S. 1889, sec. 6371; *Gunn v. Sinclair,* 52 Mo. 327; *Winters v. Cherry,* 78 Mo. 349; *Tarlotting v. Bokern,* 95 Mo. 544. (2) Neither removal of tenant from month to month from premises, delivery of keys to landlord, nor any efforts by landlord to rent premises, will amount in law to an accepted surrender and release of tenant from liability for rent for unexpired term of tenancy. *Prentiss v. Warne,* 10 Mo. 601; *Desttrehan v. Scudder,* 11 Mo. 484; *Kerr v. Clarke,* 19 Mo. 132; *Clemons v. Broomfield,* 19 Mo. 118; *Livermore v. Eddy,* 33 Mo. 547; *Mitchell v. Blossom,* 24 Mo. App. 49; *Schuyler v. Smith,* 51 N. Y. 309; *Campbell v. Flynn,* 2 Pa. St. 144; *Brenckman v. Twibill,* 89 Pa. St. 59; *Auer v. Penn,* 99 Pa. St. 370; *Withers v. Larabee,* 48 Maine, 570; *Townsend v. Albers,* 3 E. D. Smith (N. Y.) 560; *Lucy v. Wilkins,* 33 Minn. 441; *Oastler v. Henderson,* 2 L. R. Q. B. Div., p. 575. (3) Removal of tenant, delivery of keys to landlord, putting of rent card in

window by landlord, are at most evidence of accepted surrender, and release of tenant; and the question as to whether or not defendant had been released by plaintiff from the payment of rent for July should have been submitted to jury. *Pier v. Carr*, 69 Pa. St. 325; *Brenckman v. Twibill*, 89 Pa. St. 58; *Millery v. Becker*, 96 Pa. St. 184; *May v. Luckett*, 48 Mo. 472; *Kingan v. Abington*, 56 Mo. 51. (4) The court erred in giving instruction, numbered 3, in behalf of defendant, as the real issue in the case was whether there had been an accepted surrender of the premises, and thereby a release of defendant from rent for unexpired term, and the burden of proof on this issue was upon defendant. *Auer v. Penn*, 99 Pa. St. 370.

No brief for respondent.

SMITH, P. J.—This was a suit commenced before a justice of the peace by the plaintiff against defendant to recover $60 for the rent of the second and third floors of a certain house in Kansas City and for $10 damages done to the same by defendant during his occupancy thereof. The case was removed to the circuit court by appeal, where, in a trial anew, the uncontroverted evidence showed that defendant was a tenant from month to month, paying a rental of $60 per month. The defendant paid the rent for the month of June, 1889, and before the expiration of the month gave plaintiff verbal notice of his intention to terminate his tenancy. Before the end of the month he left the premises. He delivered the keys to plaintiff four or five days after the commencement of the month of July following. The plaintiff went upon the premises soon after the delivery of the keys and put up in the windows notices, "For rent," and endeavored to rent the same to others. In this he was unsuccessful for the month of July. There was evidence also showing that the defendant had injured the casings, split the steps, etc. And that

damages to the property were $10 or $15. The defendant had judgment from which plaintiff appealed. The single ground of the plaintiff's complaint arises out of the action of the court in the giving and refusing of instructions. The court refused a request by the plaintiff for the following instructions: "1. The jury are instructed to find for the plaintiff."

"3. The jury are instructed that if a tenant from month to month leave such premises without giving his landlord one month's notice in writing of his intention to terminate such tenancy, such tenant is liable for the rent of such premises for the month succeeding his leaving the premises, and if he leaves in the middle of the rental month, having paid in advance for such month, he is liable for the succeeding month.

"4. The court instructs the jury that if they find from the evidence that the defendant, Charles Lewis, rented the second and third floor of 610 Broadway, owned by the plaintiff, as tenant from month to month, and was in possession thereof, after June 1, 1889, as a tenant from month to month, and if the jury further find that said defendant abandoned said premises during said month of June without having previously given plaintiff, or his agent, one month's notice in writing of his intention to terminate such tenancy, then the jury must find for the plaintiff."

The court over the objection of the plaintiff gave this instruction: "1. If the jury believe from the evidence that plaintiff personally, or by his agent, accepted keys to said tenements from the defendant and took possession of said tenements, or rooms, during the month of July, and tried to rent the said number 610 Broadway, to other parties on their own account, without the privity or consent of defendant, then the plaintiff cannot recover the rent for said month."

Upon the undisputed facts of the case the court might well have instructed the jury to find for the plaintiff. It is well settled in this state that a tenant from

month to month, who leaves the premises without giving one month's notice in writing to the landlord of his intention to terminate the tenancy, is liable for the rent of such premises for the month succeeding. R. S., sec. 6371 ; *Gunn v. Sinclair*, 52 Mo. 327 ; *Winters v. Cherry*, 78 Mo. 349 ; *Tarlotting v. Bokern*, 95 Mo. 544.

The plaintiff's third and fourth instructions should have been given.

The instruction given for defendant was improper. The removal of a tenant from month to month, from the premises, the delivery of the keys to the landlord, or any efforts of the landlord to relet the premises, will not amount to an accepted surrender and release of the tenant from liability for the unexpired term of the tenancy. In *Prentiss v. Warne*, 10 Mo. 602, the supreme court of this state expressly decided that the removal ·by a tenant and giving the key to the landlord before the expiration of the term does not by operation of law amount to a surrender. In *Livermore & Cooley v. Eddy's Adm'r*, 33 Mo. 546, the trial court gave an instruction which in effect told the jury that if the plaintiff accepted the key of the defendant and took possession of the house and used the same and made repairs thereon on his own account there could be no recovery. The supreme court in criticising this instruction declared that it rested the defendant's discharge not upon any agreement of the plaintiff to discharge him but alone upon his accepting the key, and using and repairing the house. This puts the defense on ground too narrow ; it gives the facts enumerated an importance they do not in law possess, and rejects the most essential elements of the defense, the agreement. The plaintiff's possession and use of the property could not, independent of any agreement to acquit, have the effect of acquitting the defendant for the liability for the rent. In *Clemens v. Broomfield*, 19 Mo. 118, it is said, "A surrender by operation of law takes place when

by consent of both parties another person becomes tenant of the premises, and the landlord collects rent from him." And to the same effect is *Prior v. Kiso*, 81 Mo. 241.

A surrender is the yielding up the estate to the landlord so that the leasehold interest becomes extinct by the mutual agreement of the parties. It is either in express words by which the lessee manifests his intention of yielding up his interest in the premises or by operation of law. There was no pretense in this case that the surrender was based on any agreement for the purpose, but that it took place by operation of law. It is quite apparent from the adjudged cases, to which we have referred, and from many others, both within and without this state, to which we might have referred, that the hypothesis of the defendant's instruction is wrong in its theory of what constitutes a surrender by operation of law. In *Huling v. Roll*, 43 Mo. App. 234, the question of what constitutes a surrender by operation of law underwent examination in the light of the authorities and the rule as there declared is not without application here. *Jones v. Barnes*, 45 Mo. App. 590. If the plaintiff after receiving the key and taking possession of the premises had relet the same to another tenant for the month of July for the same amount of rent for which defendant was bound, this would have operated as a release of defendant, or if he had relet the property for a part of the month and had received therefor an amount of rent less than the defendant was bound to pay, then defendant would have been liable only for the difference between these two amounts.

The judgment must be reversed, and the cause remanded. All concur.