## West Side Auction House Co. v. The Connecticut Mutual Life Insurance Co.

1. LEASE—*Execution of, by a Corporation.*—Where a lease is signed by the secretary of a corporation as such secretary, and on the margin above his signature appears the impression of a seal containing the name of the corporation and the word " seal," it is *prima facie* evidence that it was executed by authority of the corporation, and parties objecting take on themselves the burden of proving that it was not so executed.

Assumpsit, for rent. Trial in the Superior Court of Cook County; the Hon. THEODORE BRENTANO, Judge, presiding. Verdict and judgment for plaintiff, $200. Appeal by defendant. Heard in the Branch Appellate Court, First District, at the March term, 1898. Affirmed. Opinion filed June 21, 1898.

J. B. MUIR and W. A. PHELPS, attorneys for appellant.

E. PARMELEE PRENTICE, attorney for appellee.

MR. JUSTICE FREEMAN delivered the opinion of the court.

This is a suit in assumpsit to recover rent claimed to be due under a written lease. It is contended by appellant, a corporation, that it never executed the lease and that there is a variance between the declaration and the evidence of the lease in this respect.

The lease in question was signed by the secretary of the appellant corporation as such secretary, and on the margin above his signature appears an impression of a seal, containing the name of appellant and the word "seal." "The execution of a mortgage under the seal of the company, regular on its face, by the properly constituted officers, is *prima facie* evidence it was executed by the authorities of the corporation, and parties objecting take on themselves the burden of proving it was not so executed." Wood v. Whelen, 93 Ill. 153–163.

But it is said such execution is only *prima facie* evidence, and that under the plea of *non est factum* the burden is on appellee to prove the execution. The attestation clause states that the "party of the second part hath hereunto set its hand and seal." The lease on its face states that it is made between appellee and the "West Side Auction House Company * * * of the second part;" and it purports to be executed by the secretary of the latter company, who attached the corporate seal, containing the name of the corporation. The lease purports to be the deed of the corporation, not the deed of the secretary, and to have been executed by the corporation. Haven v. Adams, 4 Allen, 80.

There is no attempt to deny the authority of the secretary to execute the lease or to use the corporate seal, nor that it was the secretary who signed the lease as such officer. Having been executed under the corporate seal, the presumption is that the secretary, using the seal, had authority to so use it to execute the lease. Sapp v. Wightman, 103 Ill. 150.

Moreover, the appellant ratified the lease by taking and retaining possession of the premises. It is claimed by appellant that there was a surrender of the premises, or an eviction. It is sufficient to say that the evidence does not sustain this contention.

The trial court refused to submit certain questions to the jury at the request of appellant's counsel. If answered, the rights of the parties would have been unaffected.

We find no error in giving or refusing instructions, and the judgment of the Superior Court must be affirmed.