First District—March Term, 1899.    497

West Side Auction House Co. v. Conn. Mut. Ins. Co.

## West Side Auction House Co. v. Connecticut Mutual Ins. Co.

1.  VERDICT—*When It May Be Ordered for the Plaintiff.*—In an action for rent where the lease, together with the testimony offered on behalf of the plaintiff, makes a *prima facie* case of rent due under its terms, and all the evidence offered by the defendant is insufficient to show a defense, the court may properly direct a verdict for the plaintiff.

2.  EVIDENCE—*Under a Plea of Nul Tiel Corporation.*—In an action for rent between two corporations the lease offered in evidence between the parties as corporations, is sufficient *prima facie* evidence of the plaintiff's corporate capacity to overcome the plea of *nul tiel corporation,* where there is no evidence to rebut it.

3.  LEASE—*Execution of, by a Corporation.*—Where a lease is signed by the secretary of a corporation as such secretary, and on the margin above his signature appears the impression of a seal containing the name of the corporation and the word " seal," it is *prima facie* evidence that it was executed by authority of the corporation, and parties objecting take on themselves the burden of proving that it was not so executed.

**Assumpsit,** for rent.  Appeal from the Superior Court of Cook County; the Hon. JONAS HUTCHINSON, Judge, presiding.  Heard in this court at the March term, 1899.  Affirmed.  Opinion filed November 16, 1899.

W. A. PHELPS and J. B. MUIR, attorneys for appellant.

E. PARMALEE PRENTICE, attorney for appellee.

MR. JUSTICE WINDES delivered the opinion of the court.

Appellee brought suit against appellant in assumpsit in the Superior Court, to recover rent under a lease from May 1, 1895, to April 30, 1896, for the last five months of the term.  The declaration consists of two special counts, the first upon the lease, the second for use and occupation, and the common counts.  The pleas were the general issue; *non est factum* sworn to; surrender of the premises referred to in the first count and acceptance of same; that defendant did not use and occupy the premises described in the second count; and, lastly, *nul tiel corporation.* Issues were formed on these pleas and a trial was had

498    APPELLATE COURTS OF ILLINOIS.

VOL. 85.] West Side Auction House Co. v. Conn. Mut. Ins. Co.

before the court and a jury, resulting in a verdict directed by the court, and judgment thereon for $1,127.90 against appellant, from which this appeal is taken.

It is claimed that the court erred, first, in instructing a verdict for plaintiff; second, in allowing in evidence the lease sued on; and third, that there was no evidence to sustain the claim of appellee of a former adjudication.

A suit between the same parties to recover previous installments of rent under the same lease was before the Branch Appellate Court of this district at the March term, 1898 (76 Ill. App. 635). What is there said sufficiently disposes of the alleged error of the trial court in admitting in evidence the lease sued on. As to the sufficiency of the execution of the lease here in question, and the correctness of the ruling of the trial court in admitting it in evidence, may be cited, in addition to the authorities in the opinion of the Branch Appellate Court, the case of Kinzie v. Trustees of the Town of Chicago, 2 Scam. 187.

As to the point that the court erred in directing a verdict for appellee, it is sufficient to say that the lease, together with the testimony offered on behalf of appellee, made a *prima facie* case that there was due to it rent under the terms of the lease for the month of December, 1895, and for January, February, March and April, 1896, at the rate of $200 per month, together with interest thereon at the rate of five per cent per annum, which was shown to be $127.90. The only evidence to meet the *prima facie* case of appellee was to the effect, in substance, that appellant had not occupied the premises in question since December 1, 1895, and that on October 30, 1895, the keys of said premises were sent to Isham & Prentice, agents of appellee, and there given to a man in charge of the agent's office, the messenger delivering the keys stating, for appellant, that it was giving up the premises in question. He also, at the same time, delivered a letter from the appellant's secretary to Isham & Prentice, which stated that it returned the keys and had no further use for said premises. The gentleman to whom the keys were delivered said he would take care of

them. On the same day the representative of Isham & Prentice, in response to appellant's letter to them, wrote appellant that Isham & Prentice would hold the keys for appellant subject to its order, but that they could not consent to any cancellation of the lease, if that was what was intended by appellant's letter, and that they would assume no responsibility for the property. It was also shown that Isham & Prentice, in the early part of November, 1895, put up signs on the premises "to let and rent," and that they also cleared out and fixed up the building.

This evidence was all the evidence offered by appellant which could in any way be said to show any defense upon the merits to appellant's claim. It was insufficient to show a defense by way of surrender and acceptance of such surrender. There is no evidence whatever that Isham & Prentice had any authority to accept a surrender of the leased premises, or to cancel the lease, and even if they had, they declined so to do. As agents of appellee and representing it, they had a perfect right, when they found the premises had been vacated by appellant, to put up signs to rent, and also to clear out the building and prepare it for another tenant. Humiston v. Wheeler, 175 Ill. 514; Gaines v. McAdam, 79 Ill. App. 208.

As to the evidence of former adjudication, it consisted of the pleadings and judgment in the former suit, and the testimony of a witness that the lease offered in evidence in this case was also offered in evidence in the former suit, and that the former suit was brought upon the same lease. It was for the trial court to determine whether this was sufficient evidence of a former adjudication upon any of the issues of the case at bar. We can not say that there was any error of the court in admitting this evidence, and if there was error it could not prejudice appellant, because, as we have seen, it made no defense upon the merits.

It is also contended that appellee offered no evidence that it was a corporation, and therefore, under the plea of *nul tiel corporation*, appellee's suit should fail. This contention is not sustained by the record. The lease offered in evidence

is a contract between appellant and appellee, as a corporation. The contract with appellee, as a corporation, is sufficient *prima facie* evidence of its corporate capacity and overcame the plea of *nul tiel corporation.* There is no evidence to rebut it. Brown v. Mortgage Co., 110 Ill. 240; Hudson v. Green Hill Seminary, 113 Ill. 625; Ward v. M. & N. W. R. R. Co., 119 Ill. 295.

The judgment of the Superior Court is affirmed.