LEVITT et al. v. ZINDLER.

(Supreme Court, Appellate Division, Second Department. March 4, 1910.)

1. LANDLORD AND TENANT (§ 109*)—SURRENDER BY OPERATION OF LAW.
    A surrender of leased premises is created by operation of law, when the parties to the lease do some act so inconsistent with the relation of landlord and tenant as to indicate that both have agreed to consider the surrender as made.
    [Ed. Note.—For other cases, see Landlord and Tenant, Dec. Dig. § 109.*]

2. LANDLORD AND TENANT (§ 231*)—SURRENDER—BURDEN OF PROOF.
    In a landlord's action for rent, the burden of proving a surrender was on defendant.
    [Ed. Note.—For other cases, see Landlord and Tenant, Cent. Dig. § 926; Dec. Dig. § 231.*]

3. LANDLORD AND TENANT (§ 231*)—SURRENDER—SUFFICIENCY OF EVIDENCE.
    The mere offering to let leased premises abandoned by the tenant, even to the extent of putting up a signboard and seeking tenants, is not of itself sufficient proof of acceptance of a surrender.
    [Ed. Note.—For other cases, see Landlord and Tenant, Cent. Dig. § 933; Dec. Dig. § 231.*]

Appeal from Municipal Court, Borough of Brooklyn, Fifth District.

Action by Charles H. Levitt and another, copartners, etc., against Tobias Zindler. From a judgment dismissing the complaint, plaintiffs appeal. Reversed, and new trial ordered.

Argued before HIRSCHBERG, P. J., and WOODWARD, JENKS, THOMAS, and CARR, JJ.

L. Alexander, for appellants.
Samuel Silinsky, for respondent.

---

JENKS, J. This is an appeal by the plaintiffs from a judgment of nonsuit in their action to recover rent for the months of October and November under a lease. The defendant pleaded a surrender, and the court upheld the plea upon the testimony of one of the plaintiffs. The testimony is meager, and the lease is not before us; but we glean from the record that the premises consisted of a part of plaintiffs' shop. The plaintiff's testimony is that the defendant moved out of the premises on September 27th or 28th, and that during the succeeding months of October and November the plaintiff put up a sign in the window, with the legend "To Let," that he made inquiries as to securing a tenant, and that he had the place open for any one who might call to see it. He further testifies that he did not occupy the place and did not permit occupation. Necessarily, then, the determination of surrender rests upon the placard and the attempt to secure a tenant.

A surrender of leased premises is created by operation of law when the parties to the lease do some act so inconsistent with the relation of landlord and tenant as to indicate that both have agreed to consider the surrender as made. Gray v. Kaufman Dairy & I. C. Co., 162 N. Y. 388, 56 N. E. 903, 49 L. R. A. 580, 76 Am. St. Rep. 327. Or, as the Supreme Court of the United States says in Beall v. White, 94 U. S. 389, 24 L. Ed. 173, speaking of a surrender by operation of law:

"Such a conclusion may, in certain cases, arise by operation of law, as where the owner of a particular estate has been a party to some act, the validity of which he is by law afterwards estopped from disputing, and which would not be valid if his particular estate continued to exist. Text-writers agree that a surrender is the yielding up the estate to the landlord, so that the leasehold interest becomes extinct by mutual agreement between the parties. It is either in express words, by which the lessee manifests his intention of yielding up his interest in the premises, or by operation of law, when the parties without express surrender do some act which implies that they have both agreed to consider the surrender as made."

The burden of proof to establish a surrender rested upon the defendant. In Redpath v. Roberts, 3 Esp. 225, the plaintiff had put up a bill in the window and had sought to let the premises. Lord Kenyon said:

"That would afford no answer to the plaintiff's action. It was for the benefit of the defendant that the apartments should be let, nor would he infer, from the circumstance of the party's endeavoring to let them, that the contract was put an end to; that there must be other circumstances to show it and not an act of so equivocal a kind."

In Phene v. Popplewell, 12 C. B. (N. S.) 334, Erle, C. J., said that the acts of the landlord in taking the key and showing the premises with a view to letting them, knowing the tenants were insolvent, and his putting up a board announcing that they were to let, was evidence, and that such facts, coupled with a subsequent painting out of the tenant's names and a taking of actual possession, was sufficient evidence on which to base a surrender. Willes, J., concurring, said that the conduct of the landlord as to the key, which he refused to accept, but allowed to be left at his counting house, the putting up of the board (To Let), and the endeavoring to let the premises and entering therein with a key and showing them to prospective tenants, might well be said to be equivocal acts; but the painting out of the names was not so

equivocal, and, when it was followed by notice of possession, showed that the equivocal acts were done in the exercise of ownership. Byles, J., was in accord. In Ontario Loan and Investment Co. v. O'Dea, 22 Ont. App. 349, Hagarty, C. J. O., said:

"I cannot think that a landlord, by merely advertising the place for tenancy, can strictly be considered as accepting a surrender. His leasing to another would so operate."

In Oastler v. Henderson, 2 Q. B. Div. 575, Cockburn, C. J., said:

"They try to let the house; but what else, under the circumstances, were they to do? They must do the best they could. If they had let the house, they would have done so as much for the benefit of the defendant as of themselves. The mere attempting to let does not amount to an estoppel."

But he also held that, when the plaintiffs let in a new tenant, they were estopped from denying that the tenancy was at an end. The other judges concurred.

That the mere offering to let, itself, even to the extent of putting up a signboard and seeking tenants, is not sufficient proof of a surrender, is decided by Lane v. Nelson, 7 Kulp. (Pa.) 286, affirmed on opinion 167 Pa. 602, 31 Atl. 864; Pier v. Carr, 69 Pa. 326; Blake v. Dick, 15 Mont. 236, 243, 38 Pac. 1072, 48 Am. St. Rep. 671; Buck v. Lewis, 46 Mo. App. 227, 231; Vincent v. Frelich, 50 La. Ann. 384, 23 South. 373, 69 Am. St. Rep. 436; West Side Auction House Co. v. Connecticut Mutual Ins. Co., 85 Ill. App. 497; Scott v. Beecher, 91 Mich. 590, 52 N. W. 20. See, too, Haynes v. Aldrich, 133 N. Y. 287, 31 N. E. 94, 8 Am. St. Rep. 636. Jones on Landlord and Tenant, § 549, says:

"The mere attempt of the agent of the landlord to relet premises after an abandonment by the tenant would not constitute a surrender by operation of law. Taking possession, repairing, and advertising the house for rent are all acts which may be in the interest and for the benefit of the tenant, and do not necessarily discharge him from his covenant to pay rent."

See, too, Taylor on Landlord and Tenant, § 514.

There is a distinction made, of course, as indicated in the quotations already made, especially from the language of Cockburn, C. J., and Hagarty, C. J. O., between the mere naked attempt to relet the premises, which is an equivocal act, and the letting of premises to a tenant. The letting of tenancies by the landlord in his own name to a new tenant is said by the Court of Appeals to be an act unqualified by other conditions which would create a surrender by operation of law. Gray v. Kaufman Dairy & I. C. Co., supra. And it may be that the reletting of premises themselves might be shown to be for the benefit of the tenant, and that therefore he would be a gainer rather than a loser by reason of such reletting. On the other hand, such reletting might operate as an acceptance of a surrender unless there was an agreement, express or implied, that such reletting may be made, as is pointed out by Haight, J., for the court in Underhill v. Collins, 132 N. Y. 272, 30 N. E. 576.

It is true that in the case of Crane v. Edwards, 80 App. Div. 333, 80 N. Y. Supp. 747, it was said that the posting of a notice "To Let" was incompatible with the existing state or term; but that statement was qualified by the phrase "under the circumstances," and in that

case it appeared that the circumstances were that the tenant had been told to move, and that the landlord had expressed his satisfaction at the prospect of his leaving. Thus in Hegeman v. McArthur, 1 E. D. Smith, 147, it appeared that the tenant sent the plaintiff the key of the premises, that he received it and declared himself not dissatisfied, and that he entered into possession for the purpose of letting the same to another tenant and placed upon the house the usual notice "To Let," delivered the key to his agent, and employed him to show the premises; and the court held that that showed conclusively the quo animo with which the landlord resumed such possession, to wit, his entire willingness to take the premises from the tenant. But I have yet to find any case where mere proof that the landlord, after the tenant had vacated the premises, put up a sign "To Let," and offered the premises thereunder, was sufficient in itself to establish acceptance on the part of the landlord of a surrender by the tenant.

The judgment is reversed, and a new trial is ordered; costs to abide the event. All concur.