### McINERNEY v. BROWN.

(Supreme Court, Appellate Division, Second Department. November 18, 1910.)

LANDLORD AND TENANT (§ 109*)—LEASE—SURRENDER OF PREMISES.

Leased premises are surrendered by operation of law when the parties do some act inconsistent with the relation of landlord and tenant; and a tenant, by refusing to execute a written lease for a certain term pursuant to his oral agreement and to take possession of the premises, indicated his assent to a surrender of the lease, which was accepted by the landlord letting the premises to another during the term of the lease agreed upon by him and the tenant.

[Ed. Note.—For other cases, see Landlord and Tenant, Cent. Dig. §§ 364, 365; Dec. Dig. § 109.*]

Appeal from Municipal Court, Borough of Brooklyn, Sixth District.

Action by Charles A. McInerney against Louis Brown. From a judgment dismissing the complaint, plaintiff appeals. Affirmed.

See, also, 137 App. Div. 902, 122 N. Y. Supp. 1135.

Argued before WOODWARD, BURR, THOMAS, RICH, and CARR, JJ.

Jesse Fuller, Jr., for appellant.
Frank G. Wild, for respondent.

BURR, J. This action is brought to recover the sum of $50, balance of rent claimed to be due for the months of May, June, and July, 1909, for the premises 346 Fifth avenue, in the borough of Brooklyn. This case was once before presented to this court, and the evidence then established an oral agreement, made on April 2, 1909, by which the plaintiff let and defendant hired said premises for three months from the 1st day of May, with a privilege of renewal for three years, for which a written lease was to be executed, and paid the sum of $10 on account of rent to accrue. We then decided that the agreement was valid so far as the three months term was concerned, and reversed a judgment in favor of defendant and ordered a new trial. McInerney v. Brown, 136 App. Div. 752, 121 N. Y. Supp. 435. Upon the new trial substantially the same evidence was introduced upon the part of plaintiff, so far as the terms and conditions of the letting are

concerned; and if this were all we should feel constrained again to reverse the judgment dismissing the complaint, rendered at the close of plaintiff's case.

But upon this record defendant claims that the evidence shows a surrender to and the acceptance by plaintiff as landlord of the demised premises on the 1st day of May, which surrender and acceptance operated to release him. It appears that between the 2d and the 15th days of April plaintiff tendered to defendant a lease in writing, which was for a term of three months from the 1st day of May, with a privilege of renewal for three years, and that defendant declined to execute the lease, and never entered into possession of the premises described therein. It also appears that thereafter, and before the 1st day of May, plaintiff rented the same premises to another for one month, beginning on the 1st of May, and that he received $30 as rent therefor. Although said tenant never entered into occupation of the premises, he was entitled to the occupation thereof for the said month. This was an act clearly inconsistent with a subsisting relation of landlord and tenant between plaintiff and defendant. There is no pretense that defendant agreed that plaintiff might relet the premises for his benefit, or that plaintiff notified him that he intended so to relet the same and hold him liable for any deficiency. "A surrender of leased premises is created by operation of law when the parties to the lease do some act so inconsistent with the relation of landlord and tenant as to indicate that both have agreed to consider the surrender as made." Levitt v. Zindler, 136 App. Div. 695, 696, 121 N. Y. Supp. 483, 484. Or as it is otherwise expressed:

"A surrender is implied and so effected by operation of law * * * when another estate is created by the reversioner or remainderman, with the assent of the termor, incompatible with the existing estate or term." Coe v. Hobby, 72 N. Y. 141, 145, 28 Am. Rep. 120; Gray v. Kaufman Dairy & I. C. Co., 162 N. Y. 388, 394, 56 N. E. 903, 904, 49 L. R. A. 580, 76 Am. St. Rep. 327.

Defendant's refusal to comply with the terms of his oral agreement or to enter into occupation of the premises indicated his assent to a surrender thereof. Plaintiff's act, in letting the premises to another under the circumstances here disclosed, was an act so inconsistent with the relation of landlord and tenant as to conclusively establish his acquiescence in defendant's refusal and his acceptance of a surrender of the demised premises.

The judgment appealed from should be affirmed, with costs. All concur.