charge. Any doubt should be resolved in his favor, as the other party alone, by "a singular feature of the law," has an option to terminate the contract. Tenney v. Berger, 93 N. Y. 524, 529, 45 Am. Rep. 263.

Plaintiff having carried through to judgment at Special Term the first judicial accounting of the Bell estate under the new situation caused by the death of George A. Barker and substitution of the new trustees, and having obtained a judgment, which, I believe, should and will stand, establishing his client's right to the income of her share until the principal shall fall in, and it not being shown that there is any present probability of any difficulties arising in the future, I think that three-quarters of the contingent fee as now finally settled may be fairly apportioned to him. This will fix his share of the remainder at $18,000, and give him the income thereof during the life of the cestui que vie. As against this he is accountable for the taxable costs which he has collected. His contract having fixed his compensation without providing for his retaining these, they belong to his client. Taxable costs were provided for the purpose of reducing the legal expenses of the successful party, not as extra pocket money for his attorney. See Report of Code Commissioners, 1848, p. 207; McIlvaine v. Steinson, 90 App. Div. 77, 82, 85 N. Y. Supp. 889; Caccia v. Isecke, 123 App. Div. 779, 108 N. Y. Supp. 542. The judgment should charge him with the amount of these costs and all advances on account of past income in excess of his share as now fixed, and should credit him with his share of so much of the $5,000 allowance made to his client on that day as exceeded her actual disbursements proved.

Judgment is awarded in accordance with these views, with costs to the defendant trustees as against the plaintiff.

Judgment accordingly.

---

SCHMIDT v. VAHJEN.

(Supreme Court, Appellate Division, Second Department. March 3, 1911.)

LANDLORD AND TENANT (§ 109*)—LEASE—SURRENDER.

Where the tenant vacated a store and gave the keys to the landlord, and the landlord permitted another person to occupy the premises temporarily during the term of the lease without the tenant's authority, although without compensation, and did not state that he would relet the premises and hold the tenant for the deficiency, it amounted to an acceptance of the surrender.

[Ed. Note.—For other cases, see Landlord and Tenant, Cent. Dig. §§ 350–371: Dec. Dig. § 109.*]

Appeal from Municipal Court, Borough of Brooklyn, Third District.

Action by William C. Schmidt against Herman Vahjen, Jr. From a judgment for plaintiff, defendant appeals. Reversed, and new trial ordered.

Argued before JENKS, P. J., and HIRSCHBERG, BURR, THOMAS, and RICH, JJ.

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep't Indexes

William Wills, for appellant.
John R. Glover, for respondent.

PER CURIAM.   The defendant rented the plaintiff's store, 415 Graham avenue, under a letting apparently not in writing.   Whatever the term was, the defendant was at liberty to surrender the premises after April, 1909.   In April he agreed with plaintiff to hire the store for a year, as plaintiff states—for the month of May, as defendant testifies.   The defendant's evidence shows that he had rented another store, but could not move into it at once, and that for this reason the plaintiff allowed him to remain in the store in question for May.   In support of his evidence, defendant produced a form of receipt similar to that given for the May rent.   On this receipt is printed: "(Let for One Month Only.)"   I think that the court was justified in holding that the letting was for a year.

But the more serious question is whether there was a surrender. The defendant supports the defense of surrender by proof (1) that he gave the key to the plaintiff (he did give it to the plaintiff or send it to his office); (2) that the plaintiff put up a "To Let" sign; (3) that the plaintiff permitted a woman, who occupied an adjoining store, to use the store from the 24th or 25th of June until the 6th or 7th of July; (4) that the plaintiff did not demand the rent monthly, as he had theretofore done, although it appears that he did demand it after the term expired.   The plaintiff testified that, previous to defendant's vacation of the store, the former told him that he would hold him responsible for the year's rental of the store if he moved out.   From these facts does the law imply a surrender and acceptance?

No such implication would arise from the acts done, such as receiving the keys and advertising to let; but do such acts, accompanied by the permission to a third party to occupy temporarily, operate as an acceptance?   The plaintiff, by stating that he would hold defendant for the rent, disavowed acceptance; but he did not state that he would relet the premises and hold the defendant for deficiency, nor was anything said or done that gave the plaintiff such right to proceed and at the same time hold the defendant for the unpaid rent.   Underhill v. Collins, 132 N. Y. 269, 30 N. E. 576; Gray v. Kaufman Dairy & Ice Cream Co., 162 N. Y. 388, 56 N. E. 903, 49 L. R. A. 580, 76 Am. St. Rep. 327; Levitt v. Zindler, 136 App. Div. 695, 121 N. Y. Supp. 483.

So the question comes to this: Was the act of allowing another to occupy gratuitously the premises for the time stated an acceptance of the surrender theretofore tendered and declined?   Gray v. Kaufman Dairy & Ice Cream Co., supra, approved the rule that:

"A surrender is implied, and so effected by operation of law within the statute, when another estate is created by the reversioner or remainderman, with the assent of the termor, incompatible with the existing state or term."

The plaintiff had no right to permit another to use the premises, unless he assumed the responsibility for such use and what injury to the premises might result.   In the absence of an agreement, express

or implied, to let on the tenant's account, the landlord could neither enjoy the use of the property nor donate it to another. He could not assume dominion, not delegated by the tenant, without impairing the tenant's right of enjoyment. The tenant, if obligated to pay the rent, was entitled to such sole control and beneficial use of the premises as flowed from the terms of letting. Here the landlord suffered another tenant to enter and use the premises by day and night for selling goods. Thereby a term in another was created, limited in time by the landlord's will. Thereby the tenant was ousted, and his premises appropriated to another person for purposes of business.

It does not aid the landlord, but harms his position, that he charged no rent. What he could not do consistently with the defendant's obligation for compensation inuring to the latter's benefit, he could not do by a gift of a part of the tenant's term, whereby the latter derived no benefit, but was exposed to an abuse of the premises by a stranger to him. I am constrained to the conclusion that this act of the landlord, in connection with his other actions respecting the store, operated as an acceptance of the proffered surrender.

The judgment should be reversed, and a new trial ordered; costs to abide the event.

