## FAGELLE v. ETNA IMPORTING CO.

(Supreme Court, Appellate Term.   January 18, 1912.)

1. JUDGMENT (§ 744*)—RES JUDICATA—QUESTIONS CONCLUDED.

A judgment for rent for a month beginning December 10, 1910, rendered in an action involving the issue of the existence of a lease from July 10, 1910, to May 1, 1911,. conclusively establishes the lease and the relation of landlord and tenant, continuing until December 10th; and the tenant, in a subsequent action for three months' rent beginning January 10, 1911, may not deny the existence of the relation on December 10th, but he may show that subsequent thereto there had been a surrender and acceptance.

[Ed. Note.—For other cases, see Judgment, Cent. Dig. §§ 1278–1281; Dec. Dig. § 744.*]

2. TRIAL (§ 109*)—ACTION FOR RENT—OPENING STATEMENT OF COUNSEL.

The tenant, relying on a surrender and acceptance, without stating any definite date, could show any surrender and acceptance after December 10th, notwithstanding the statement of his counsel at the beginning of the case, not in the form of a concession or stipulation, that the surrender and acceptance had been consummated on December 10th.

[Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 388, 395; Dec. Dig. § 109.*]

3. LANDLORD AND TENANT (§ 109*)—SURRENDER AND ACCEPTANCE—ACTS CONSTITUTING.

A landlord, after the tenant vacated the premises before the expiration of the lease, visited the premises, left the keys with his housekeeper, and ordered her to open and clean the premises. Some days later he placed a "To Let" sign in the premises. *Held*, that the acts of the landlord, coupled with circumstances of intent to resume possession for his own benefit, showed a valid acceptance of the surrender of the premises.

[Ed. Note.—For other cases, see Landlord and Tenant, Cent. Dig. §§ 350–365; Dec. Dig. § 109.*]

Appeal from Municipal Court, Borough of Manhattan, First District.

Action by Antonette Fagelle against the Etna Importing Company. From a judgment of the Municipal Court for plaintiff, entered on a verdict rendered by direction of the court, defendant appeals. Reversed, and new trial ordered.

Argued November term, 1911, before GIEGERICH, LEHMAN, and PENDLETON, JJ.

Archibald Palmer, for appellant.
Wessels Ryerson, for respondent.

LEHMAN, J.   The plaintiff has recovered judgment for rent of premises in the city of New York for the three months beginning January 10, 1911.   The plaintiff had previously recovered judgment for rent for the month beginning December 10, 1910.

[1] In the previous action the sole question litigated was whether or not the parties had entered into a lease for these premises from July 10th to May 1st.   The judgment in that case conclusively established, that the defendant had made this lease, and also that the relation of landlord and tenant continued until December 10, 1910.

---

In the second action the defendant denied the allegations of the complaint, and set up as an affirmative defense a surrender and acceptance "prior to the beginning of the action." At the close of the plaintiff's case the trial justice correctly held that the defendant was precluded by the prior judgment from giving any testimony to sustain its denial, but in my opinion he erred in directing a verdict without permitting the defendant to produce any evidence to sustain its separate defense.

[2] Of course, the defendant could not be permitted to rely for its proof upon any acts that were consummated before December 10th, for it is not in a position to deny that the relation of landlord and tenant existed on that date. The defendant was, however, entitled to show, if possible, that the relation was terminated by act of the parties after that date, for such acts could not defeat a right to recover rent previously accrued. The answer stated no definite date upon which the surrender and acceptance was consummated, and in the absence of a bill of particulars or other limitation of the issues it was sufficient to allow the introduction of testimony of any surrender and acceptance occurring after December 10th. The trial justice ruled that the issues were limited by statement of counsel for defendant, made in a general discussion at the beginning of the case, that the alleged surrender and acceptance was consummated on December 10th. I fail to see how a statement of counsel, not in the form of a concession or stipulation, but given in answer to a question of the court, can be considered as a binding limitation of the issues raised by the filed pleadings.

[3] After this statement was made the plaintiff proceeded to prove her case. Her husband, who was admittedly her agent, testified without objection that after the defendant had vacated the premises he visited the premises on December 10th or 11th, left the keys with his housekeeper, and ordered her to open and clean out the premises, and some days thereafter he placed a "To Let" sign in the premises. Even if these acts, standing alone, should be held insufficient to constitute an acceptance of the surrender, there seems little doubt that, if coupled with other circumstances showing an intent by the landlord to resume possession for his own benefit, they would be sufficient to show a valid acceptance. See Levitt v. Zindler, 136 App. Div. 695, 121 N. Y. Supp. 483, and cases there cited. After this testimony was given the defendant stated that it no longer claimed that the surrender was consummated by acceptance on December 10th, but was accepted thereafter. The testimony upon this point was within the issues. The issue was not adjudicated by the previous action, and the direction of a verdict at the close of plaintiff's case was error.

Judgment should be reversed, and a new trial ordered, with costs to appellant to abide the event. All concur.