## WILSON v. ROSENTHAL.

(Supreme Court, Appellate Division, Second Department. October 4, 1912.)

Action by William S. Wilson against Samuel Rosenthal. From a judgment for plaintiff, and an order denying a new trial, defendant appeals. Affirmed.

Argued before HIRSCHBERG, BURR, THOMAS, WOOD-WARD, and RICH, JJ..

David Goldstein, of New York City, for appellant.

Harry G. Stephens, of Easthampton, for respondent.

PER CURIAM. Judgment and order affirmed, with costs.

BURR, THOMAS, and RICH, JJ., concur. WOODWARD, J., reads for reversal, with whom HIRSCHBERG, J., concurs.

WOODWARD, J. (dissenting). This action was brought to recover $400 rent for the last four months of a lease of premises used as a saloon, or place for the sale of liquors, in the village of Sag Harbor, and $100 damages to the property. The defense is surrender by the defendant of the premises for that part of the term, and acceptance thereof by the plaintiff. Defendant counterclaims also for $150.50 for alleged failure of the plaintiff to repair and deliver possession of the property, as required by the terms of the lease. The jury found for the plaintiff in the sum of $400, and the defendant appeals from the judgment upon the verdict, and from the order denying his motion for a new trial. The lease was for two years, beginning October 1, 1909, at $1,200 a year, in monthly installments of $100, payable in advance on the 1st day of each month. The defendant occupied the premises and paid the rent up to May 31, 1911, when he vacated the same, sent the key to the plaintiff, and claims a surrender as of that time. Whether what was said and done, or omitted, in relation thereto, amounts to a surrender and acceptance of the premises, is the controlling question. The law upon the subject is well settled:

"A surrender is the yielding up the estate to the landlord, so that. the leasehold interest becomes extinct by mutual agreement between the parties. It is either in express words, by which the lessee manifests his intention of yielding up his interest in the premises, or by operation of law, when the parties without express surrender do some act which implies that they have both agreed to consider the surrender as made." Beall v. White, 94 U. S. 382, 389, 24 L. Ed. 173; Levitt v. Zindler, 136 App. Div. 695, 696, 121 N. Y. Supp. 483, 484. "It is so well settled," says the Court of Appeals, "as to be almost axiomatic that a surrender of premises is created by operation of law when the parties to a lease do some act so inconsistent with the subsisting relation of landlord and tenant as to imply that they have both agreed to consider the surrender as made." Gray v. Kaufman Dairy & I. C. Co., 162 N. Y. 388, 394, 56 N. E. 903, 904 (49 L. R. A. 580, 76 Am. St. Rep. 327).

A surrender, therefore, may be effected by express words, sometimes called an express surrender or a surrender in fact, or by acts of the parties, so inconsistent with the relation of landlord and ten-

ant as to imply the same thing, and called a surrender by operation of law.

The difficulty here arises under the rule as to surrender by operation of law. The defendant testified, it is true, to an express agreement or understanding with the plaintiff, in April, 1911, that he might vacate the premises at any time, and send the key to the plaintiff, and that it was in pursuance of such agreement that he did vacate and return the key on the 31st of the following month. But the plaintiff, admitting a conversation with the defendant in April in respect to the lease, denied that there was any such agreement between them, and the jury found a verdict in his favor. The defendant failed, therefore, to establish a surrender by express agreement or words as a subsisting fact.

Nevertheless, it is undisputed, proved, and admitted (1) that, immediately following the April conversation, both parties applied for, and soon thereafter obtained, certificates to sell liquors—the plaintiff in the premises in question, and the defendant at another place in the same village; (2) that the defendant vacated the leased premises and sent the key to the plaintiff on the 31st of May, 1911, and has ever since continued in business at his other place; (3) that the plaintiff, retaining the key, had his liquor tax certificate at the premises for which he seeks to recover rent, during the month of June, 1911, but did not do any business then, because the place "wasn't ready"; (4) that he occupied or used one-half of the store under a storekeeper's license during that month; and (5) that, beginning about the 4th of the succeeding month, he has ever since fully occupied and used the premises as a saloon or place for the sale of liquors. These facts and acts of the parties are so inconsistent with the relation of landlord and tenant as to indicate that they had agreed, impliedly at least, to consider the surrender as made. It seems quite impossible to arrive at any other conclusion. If that conclusion is correct, a surrender by operation of law was effected.

The only thing inconsistent with such conclusion is the testimony of the plaintiff that, some time from the 1st to the 3d of June, he demanded rent of the defendant for that month, and payment was refused. But that fact, if it be a fact, is not enough to overcome other undisputed and more potent facts, enumerated above, and tending to show that the plaintiff accepted the surrender of the premises. Besides, defendant denies this alleged demand for rent. And the plaintiff, with admitted knowledge that defendant was good for any judgment he might obtain against him, made no further demand for the June rent, nor any demand for the rent falling due on the 1st of July, August, or September, until in October, after the expiration of the lease, but continued in the exclusive use and possession of the property.

The plaintiff could not do this. He could not himself, in the absence of an agreement to that effect, enjoy such use and benefit of the property, and require the defendant at the same time to pay rent therefor. Or, as this court has said in a somewhat similar case:

"In absence of an agreement, express or implied, to let on the tenant's account, the landlord could neither enjoy the use of the property nor donate

it to another. He could not assume dominion, not delegated by the tenant, without impairing the tenant's right of enjoyment. The tenant, if obligated to pay the rent, was entitled to such sole control and beneficial use of the premises as flowed from the terms of letting." Schmidt v. Vahjen, 143 App. Div. 479, 481, 127 N. Y. Supp. 1038, 1039.

In that case the landlord permitted a third person to use the abandoned store a few days, without the payment of rent or compensation. And the court further said:

"Thereby a term in another was created, limited in time by the landlord's will. Thereby the tenant was ousted, and his premises appropriated to another person for purposes of business."

There is no claim, or ground for any, of an agreement here that the plaintiff should use or let this property on the defendant's account. Yet, without such an agreement, express or implied, he had no right to relet, or occupy the premises himself; and, having done so, he cannot hold the tenant responsible for the rent. Schmidt's Case, 143 App. Div. 479, 127 N. Y. Supp. 1038; Gaffney v. Paul, 29 Misc. Rep. 642, 61 N. Y. Supp. 173; McAdam on Landlord & Tenant (2d Ed. Supp.) 142.

Abandonment of the premises by the tenant and an acceptance of the surrender by a resumption of possession by the landlord constitutes a surrender by operation of law. 24 Cyc. 1372. Doubtless, a surrender is not to be implied against the intent of the parties, as manifested by their acts, and when such intention cannot be presumed, without doing violence to common sense. Coe v. Hobby, 72 N. Y. 141, 146, 28 Am. Rep. 120.

The receipt and retention of the key by the plaintiff may have been equivocal acts; and so as to his omission to take any steps, aside from a mere demand, to collect the rent for the month of June; or even to make any demand for the rent for either of the other three months, until after the end of the term. But not so as to the plaintiff's application for a liquor tax certificate covering the last four months of the term, and his possession and use of the premises for business purposes, under such certificate, during that time. These acts speak for themselves. There is nothing equivocal or uncertain about them; and, in the absence of evidence that they were done for some other purpose, such as to repair or protect the property, or the like, they must be held to constitute an acceptance of the surrender proffered by defendant's abandonment of the property.

It is apparent that the verdict is for the $400 rent alone. The plaintiff's claim of $100 damage to the property need not, therefore, be considered.

The judgment and order should be reversed, and a new trial granted; costs to abide the event.