ALPHA SYNDICATE, INC., Plaintiff, *v.* SOL HORN, Defendant.*
ALPHA SYNDICATE, INC., Landlord, *v.* SOL HORN, Tenant.▌

Municipal Court of the City of New York, Borough of Queens,
December 28, 1945.

*Kraushaar & Kraushaar* for plaintiff and landlord.

*Samuel Rabin* for defendant and tenant.

PETTE, J.    The two matters herein were tried together, it being stipulated that the testimony in one could be considered

the testimony in the other and that the court might render separate verdicts.

Before reaching any determination it is essential to set forth the pertinent facts. It appeared that a written lease was entered into in April, 1937, between the respective parties in connection with the rental of a store in premises 97–11 Springfield Boulevard, Bellerose, Long Island, for a term of three years. The tenant remained in possession of the premises and the landlord permitted the continuance thereof from year to year on the basis of the existing rental of $50 per month.

Upon the tenant's failure to pay rent for the period from December, 1944, to September, 1945, an action at law was instituted to recover the sum of $500. Judgment was entered upon the defendant's failure to appear or answer. The defendant obtained an order to show cause to vacate the default judgment. The plaintiff consented to granting of the application and trial was set for December 4, 1945.

In the interim, the landlord instituted summary proceedings for nonpayment of rent for the original period specified in the common-law action, but increased the amount of the alleged unpaid rent to include the months of October and November, 1945, making a total demand of $600. The petition was filed on or about November 8, 1945.

The tenant interposed several defenses, i.e., (a) surrender and acceptance; (b) an alleged plea in bar by reason of the provisions of chapter 314 of the New York State Laws of 1945, arising out of the landlord's failure to furnish the tenant with " an accurate statement of the amount of his emergency rent ".

The defense pertaining to the alleged surrender and acceptance may be disregarded as unsupported in law and in fact. It is so well settled as to be almost axiomatic that a surrender of premises is created by operation of law when the parties to a lease do some act so inconsistent with the subsisting relation of landlord and tenant as to imply that they have both agreed to consider the surrender as made. (*Gray* v. *Kaufman Dairy & I. C. Co.*, 162 N. Y. 388; *Levitt* v. *Zindler*, 136 App. Div. 695; *Taggart* v. *Graby*, 159 Misc. 155; *First Stamford Nat. Bank & Trust Co.* v. *Pierce*, 161 Misc. 756; *Rene Realty Corporation* v. *Ascher*, 26 N. Y. S. 2d 615.)

The remaining defense presents a more serious challenge.

Chapter 314 of the Laws of 1945 became effective on March 28, 1945. Section 3 thereof provides in part as follows: " Every landlord within twenty days after the effective date of this act shall furnish each tenant with an accurate statement of the

amount of his emergency rent, and in the case of business space not used or occupied on the first day of June, nineteen hundred forty-four, such statement shall be furnished within twenty days after such rent shall be fixed or determined pursuant to subdivision (c) of section two hereof; and if a landlord shall fail, refuse or neglect to furnish any tenant with such statement within the time specified, no rent accruing shall be collectible by such landlord during the period he is in default.''

''Emergency rent'' is defined in subdivision (c) of section 2 as the ''rent reserved or payable under any lease, agreement or tenancy of business space in force on June first, nineteen hundred forty-four, plus fifteen per centum of such rent; provided that if the business space was not used or occupied as business space on such date, the emergency rent shall be the reasonable rent therefor as business space on such date, plus fifteen per centum thereof, to be fixed by agreement, by arbitration, or by the supreme court upon the basis of the rent charged on such date for the most nearly comparable business space in the same building or other satisfactory evidence.''

Construction of these statutory provisions must be such as is in consonance with and gives effect to the intent and primary purpose of the Legislature in enacting this emergency legislation. Recent decisions have held that this statute and other statutes, Federal and State, are parts of a comprehensive scheme of legislation remedial of inflation in which this statute was intended to control agreements for commercial rents, no matter when made. Thus this legislation has been held to be prospective as well as retroactive in its operation. (*Twentieth Century Associates* v. *Waldman,* 294 N. Y. 571.)

Courts are required to seek the intent from the language used, or, if there be ambiguity, obscurity or doubt, to give that construction which furthers the object, spirit and purpose of the statute (*People* v. *Kaye,* 212 N. Y. 407; *Tompkins* v. *Hunter,* 149 N. Y. 117).

Concededly, the landlord herein has failed to comply with the provisions of section 3 of chapter 314 of the Laws of 1945, in neglecting to furnish the tenant, within the time specified, with a statement required thereunder.

The court does not question the undue hardships suffered by the landlord by the failure of compliance. However, the statutory provision is clearly stated that ''no rent accruing shall be collectible by such landlord during the period he is in default.'' *This however does not mean that there is a forfeiture of such accrued rent; it is merely a deterrent from the enforce-*

*ment of the demand until compliance with statute is made by the furnishing of such statement to the tenant.*

This interpretation is fortified and substantiated when cognizance is taken of the language in section 4 of the same statute, wherein it states " Any landlord who shall wilfully demand or accept a rent in excess of the emergency rent, or a rent fixed pursuant to section 4 of this act, *shall forfeit* the succeeding month's rent." (Italics supplied.)

The establishment of the " emergency rent " pursuant to the statement required by section 3, being a condition precedent to the assertion of rights by the landlord against the tenant in a summary proceeding for nonpayment, final order must be made dismissing the petition without prejudice to the commencement of a new proceeding.

With respect to the common-law action to which there is no defense judgment is granted in favor of the plaintiff for the unpaid rent for the months of December, 1944, January, February, March and April, 1945 (rent in said month being due April 1, 1945, and therefore unaffected by the statute which became applicable on April 18, 1945), at the rate of $50 a month, or a total sum of $250, without prejudice to further action for any additional unpaid balance upon proper compliance with chapter 314 of the Laws of 1945.