John D. Bennett, S.
In this proceeding the claimant seeks to recover the sum of $1,643 from this estate based on the provisions of a lease between the decedent and the claimant, dated June 3, 1953, and extended by letter agreement dated July 31, 1957.
The decedent died on July 10,1961. At that time there remained the unexpired period of two years from August 1, 1961, constituting the balance of the term of the leasehold. The decedent’s widow vacated the premises just prior to August 1, 1961. The said premises remained vacant until July 1, 1962, at which time the claimant rented the premises to a third party at the same rent provided in the agreement extending the original lease. The sum sought to be recovered herein represents 12 months’ rent at $135 per month, plus $158 for painting the premises (or part thereof), less one month’s security ($135) held by the claimant.
The executrix herein has interposed the defense of surrender of the premises and acceptance thereof by the claimant.
A surrender may be effected expressly between the parties, or by operation of law wherein the parties, by their conduct, commit acts which imply that both have agreed to consider a surrender as having taken place (Levitt v. Zindler, 136 App. Div. 695).
The question in the case at bar is one of fact as to whether there was either an express surrender, a surrender by operation of law or, in fact, no surrender at all. The court has not found facts sufficient to justify a conclusion that there was an express surrender of the premises.
The executrix testified that she called the vice-president of the claimant corporation on the date of her husband’s death, and informed him that she wanted to vacate the premises before the end of the month in order to avoid paying further rent. The portions of her testimony material to the proof of an express surrender are flatly denied by the testimony of the vice-president of the claimant corporation. Accordingly, the executrix has failed to sustain the burden of proving the defense of an express surrender.
However, with respect to the proof of a surrender by operation of law, the facts as presented are substantially different. The executrix testified as to part of her conversations with the claimant’s vice-president, saying she told him she would return the keys to the premises to the claimant, and that said keys were in fact delivered to claimant’s vice-president, Mr. Steinberg, in late July, 1961. On cross-examination Mr. Steinberg was asked whether the keys were returned to him, or to someone in the claimant corporation. His answer was “ I wouldn’t know ”. Further, the claimant herein has failed to demonstrate if in fact *1021 it did not accept the surrender of the premises, that any act or acts were committed which would indicate an intention to the contrary.
Upon all the facts and circumstances, this court finds sufficient proof to support the conclusion that the executrix surrendered the premises to the claimant, which accepted such surrender, thereby acting as a bar to the recovery of any rent due after August 1,1961.
With respect to the claim for the painting of the premises by the claimant landlord, since the premises had been effectively surrendered prior to the date of the painting, the same cannot be said to have been done for the benefit of the tenant (executrix), because the act of surrender terminated the relationship of landlord-tenant.